LAW OFFICES

## KORSHAK, KRACOFF, KONG & SUGANO, L.L.P.

1640 SOUTH SEPULVEDA BOULEVARD, SUITE 520
LOS ANGELES, CALIFORNIA 90025
TELEPHONE (310) 996-2340
FAX (310) 996-2334
www.kkks.com

SACRAMENTO
CHICAGO
MIAMI

**VIA ECF**　　　　　　　　　　　　　　　　　　　　　　　　　　　October 30, 2018
The Honorable Judge Joan M. Azrack
U.S. District Court—EDNY
100 Federal Plaza
Central Islip, New York  11722

　　　　Re:　**Tatiana Herdocia *et al.* v. Southern Glazer's Wine & Spirits of NY, LLC, *et al.*
　　　　　　Case No. 18-cv-05284 (JMA)(ARL)
　　　　　　Pre-Motion Conference Letter**

Dear Judge Azrack,

　　　　Please accept this as Defendant Southern Glazer's Wine and Spirits of NY, LLC's ("SGWS") pre-motion conference request pursuant to the Court's Individual Rule IV.B.  SGWS seeks to file a motion for dismissal under Fed. R. Civ. P. 12(b)(6).  The following sets forth the bases for the motion.

　　　　Plaintiffs previously sued SGWS with nearly identical causes of action.  See Case No. 14-cv-03196-JMA-ARL ("Original Action").  That case was voluntarily dismissed ***with prejudice*** after the close of discovery and with SGWS's motion for summary judgment pending.  (See Original Action, Document 27.)  Counsel for all parties executed the stipulation for dismissal.  (Id.)  Immediately above a handwritten signature ("/s/Joan M. Azrack") the document reads, "Case closed. So ordered. 5/22/17."  (Id. at p.2.)  Thus, the Court ordered the case dismissed with prejudice on May 22, 2017.

　　　　Less than two months following the dismissal with prejudice, Plaintiffs complained to the EEOC of supposed discrimination dating back three years, all of which was part of or could have been part of their Original Action.  This lawsuit is a naked attempt to relitigate the Original Action.

　　　　Just as in the dismissed case, Plaintiffs again sue SGWS for violations of the New York Human Rights Law.  (Compare, Original Action, Document 1 (hereinafter "Dismissed Complaint"), p.5 ("As and For a Second Cause of Action (Sex Discrimination – NYSHRL") with Case No. 18-cv-05284 (JMA)(ARL) Document 1 (hereinafter "Current Complaint"), pp. 3 ("New York Human Rights Law").)

Judge Joan M. Azrack
October 30, 2018
Page 2

Just as in the dismissed case, Plaintiffs again sue SGWS for gender discrimination. (<u>Compare</u>, Dismissed Complaint, p. 5, ¶31 ("Defendants discriminated against Plaintiffs because of their sex.") <u>with</u> Current Complaint, p.4 at III.D ("Defendants discriminated against me based on my . . . gender/sex"). Just as in the dismissed case, Plaintiffs premise their claims on allegedly disparate overtime allocation. (<u>Compare</u>, Original Action, Document 18, p.1 ("The allegation that defendants failed to give plaintiffs the same overtime opportunities as the men in the warehouse is clearly plead in the complaint.") <u>with</u> Current Complaint, p.4 at III.D ("Not allowed to work overtime because we're female and filed a discrimination claim against them.").)

Under the law, "A dismissal with prejudice has the effect of a final adjudication on the merits favorable to defendant and bars future suits brought by plaintiff upon the same cause of action." <u>Nemaizer v. Baker</u>, 793 F.2d 58, 60 (2d Cir.1986). Because Plaintiffs each sued SGWS for sex discrimination they are barred from future suits "upon the same cause of action." <u>Id.</u> "A dismissal of a cause of action with prejudice amounts to a final judgment on the merits for *res judicata* purposes." <u>Cuban v. Kapoor Bros.</u>, 653 F. Supp. 1025, 1030 (E.D.N.Y. 1986). Plaintiffs cannot say that the instant case involves new or different allegations. The only factual allegations made part of the Current Complaint are contained in EEOC Affidavits attached to the document. (Current Complaint at 8-13 and 15-20.) None of the factual allegations contained in the EEOC Affidavits occurred after May 2017 when the Original Action was dismissed with prejudice. Plaintiffs' EEOC charges reinforce this as both state that "May 2017" is the "latest" date that discrimination took place. (Current Complaint at 7 and 14.) As all of the allegations upon which the Current Complaint relies pre-date the dismissal with prejudice, there can be no doubt that Plaintiffs' duplicative sex discrimination claim is barred.

Moreover, "A dismissal with prejudice is *res judicata* not only as to the matters actually litigated in the previous action, 'but as to all relevant issues which could have been but were not raised and litigated in the suit.'" <u>Samuels v. N. Telecom, Inc.</u>, 942 F.2d 834, 836 (2d Cir. 1991) (citing <u>Nemaizer</u>, 793 F.2d at 61). "To be sure, a dismissal *with prejudice* was a risky choice if future litigation was contemplated, since it would wipe out all claims that *could* have been asserted in the dismissed

Judge Joan M. Azrack
October 30, 2018
Page 3

suit." Id. at 837 (emphasis in original).  In the Current Complaint, Plaintiffs include a cause of action for retaliation.  Plaintiffs use the same factual allegations to support their retaliation claim as they do their sex discrimination claim.  All of the alleged facts pre-date the dismissal with prejudice.  The New York Human Rights Law ("NYHRL") includes retaliation within its ambit.  As such, Plaintiffs, who sued SGWS under the NYHRL in the Original Action could have asserted those facts in the dismissed case.  Under Samuels, Plaintiffs are precluded from bringing the same allegations in a subsequent suit.  Indeed, "[W]hatever legal theory is advanced, when the factual predicate upon which claims are based are substantially identical, the claims are deemed to be duplicative for purposes of *res judicata*. In sum, new legal theories do not amount to a new cause of action as to defeat *res judicata*." Waldman v. Vill. of Kiryas Joel, 39 F. Supp. 2d 370, 377 (S.D.N.Y. 1999), aff'd, 207 F.3d 105 (2d Cir. 2000) (internal citations omitted).

Although the Current Complaint claims that alleged discriminatory acts occur into the present and that SGWS is still committing these acts, such conclusory allegations are not entitled to any weight.  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Id.  Because none of the specific, factual allegations post-date May 2017, the allegations that discrimination is continuing into the present are simply the "naked assertions devoid of further factual enhancement" that the Supreme Court has held deserve no weight.

For all of the foregoing reasons, SGWS requests the Court to set a pre-motion conference for SGWS's planned Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Sincerely,

/s/Keith R. Thorell
Keith R. Thorell, *pro hac vice*

cc: Tatiana Herdocia and Ena Scott (via overnight delivery)

KRT: cv

SOU013.081 (471598_2.DOCX)