**RAY, MITEV & ASSOCIATES**
NEW YORK ATTORNEYS

MANHATTAN:
5 E. 22ND STREET, 17TH FLOOR
AT BROADWAY
NEW YORK, NEW YORK 10010
1-866-88NYLAW

*KILLER BEES*

P.O. BOX 5440
MILLER PLACE, NEW YORK 11764-1117

SUFFOLK COUNTY:
122 NORTH COUNTRY ROAD
MILLER PLACE, NEW YORK 11764-1430
631-473-1000

January 16, 2019

**VIA ECF**
The Honorable Judge Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re:    Tatiana Herdocia, et al. v. Southern Glazer's Wine & Spirits of NY, LLC, et al.
           Case No.: 18-CV-5284 JMA-ARL
           Plaintiffs' Response to Pre-Motion Conference Letters

Dear Judge Azrack,

    My firm represents the Plaintiffs. Please accept this letter as Plaintiffs' response to Defendants' letters requesting a pre-motion conference concerning Defendants' proposed motions to dismiss.

    Defendants assert that Plaintiffs' causes of action are "nearly identical" to Plaintiffs' prior action brought in 2014 and dismissed voluntarily. The new causes of action are not identical to prior causes of action, as Defendants concede.

    No retaliation complaint was actually asserted in the 2014 case although the ad damnum clause in the 2014 Complaint asks for an award for retaliation. A retaliation case is stated in the 2018 case.

    The allegations of retaliation in the 2018 case are detailed in Plaintiff Herdocia's affidavit of 7/17/2017, and Plaintiff Scott's affidavit of 7/19/2017, attached to the 2018 Complaint. Those allegations post-date the actions of Defendants which led to the 2014 Complaint. They are new allegations as to new facts not covered by the 2014 Complaint.

    There are also new allegations of gender discrimination in the 2018 Complaint, dealing with actions of defendants which post-date the 2014 Complaint, also contained in Plaintiffs' aforesaid affidavits.

    Defendants' assertion that the 2018 Complaint is barred by res judicata simply does not apply to a new complaint based on detailed, new facts arising after the commencement of a prior complaint.

    Nor did the Joint Stipulation of Dismissal With Prejudice signed on 5/11/2017 bar any factual allegation arising before 5/11/2017. Instead, the aforesaid Joint Stipulation only stated that the parties stipulated "that this action (2014 action) and all claims and defenses <u>asserted therein</u> (my emphasis) be dismissed with prejudice." The Plaintiffs stipulated precisely and only as Plaintiffs pointed out in the 2018 Complaint: they agreed only to dismissal of the claims and

defenses actually asserted in the 2014 Complaint, not to claims that could have been, perhaps by the seeking of leave to amend the 2014 Complaint, asserted three years after the 2014 Complaint; i.e., Plaintiffs did not agree to dismissal of any potential, new discrete Complaint based upon new alleged facts which arose post-2014 and continued years after the original Complaint was filed. If Defendants had wished to have the Stipulation cover new facts, they could have proposed such language, but they failed and avoided to do so. They could have required General Releases as of 5/11/2017(the Stipulation date), a very standard practice if the intent was to bar <u>all</u> claims arising up to the Stipulation date, but did not do so: because there never was an intent to bar all such claims.

Indeed, Plaintiffs have asserted in the 2018 Complaint that Defendants' unlawful discriminatory conduct continued after the 2014 Complaint and continues to date. It would require an absurd reading of the Stipulation to say that the Defendants could engage in wrongful conduct post-2014 because Plaintiffs agreed to dismissal of their complaint covering actions up to 2014. Plaintiffs also never conceded that Defendants' conduct up to 2014 was lawful, only that Plaintiffs could not continue to pursue that prior Complaint. Plaintiffs never conceded that Defendants' subsequent conduct was acceptable.

Defendants' assertion that Plaintiffs' new Complaint lacks facts, is belied by the detailed, date and event-suffused affidavits of Plaintiffs attached to the 2018 Complaint, which speak for themselves.

All told, Plaintiffs would seek denial of Defendants' proposed motion to dismiss.

Respectfully,

John Ray

JR:tr

cc: Keith R. Thorell, Esq. (via ECF)
    J. Warren Mangan, Esq. (via ECF)
    Clients (via email)