J. WARREN MANGAN, ESQ. (JWM 8779)
O'CONNOR & MANGAN, P.C.
Attorneys for Wine, Liquor & Distillery Workers Union, Local 1-D
271 North Avenue, Suite 206
New Rochelle, NY  10801
914-576-7630, Ext. 15
914-576-7682 - fax
Email:  ocmlawyers@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

TATIANA HERDOCIA and ENA SCOTT,

                               Plaintiffs,         Case No. 2:18-cv-05284  (JMA-ARL)

      - against -

                                         **DEFENDANT WINE, LIQUOR &**
                                         **DISTILLERY WORKERS UNION**
**SOUTHERN GLAZER WINE & SPIRITS**      **LOCAL 1-D, UFCW'S**
**OF AMERICA, INC. and WINE, LIQUOR &**  **NOTICE OF MOTION**
**DISTILLERY WORKERS UNION,**            **TO DISMISS THE COMPLAINT**
**LOCAL 1D,**                                   **PURSUANT TO FED. R. CIV. PROC. 12(B)(6)**
                              **Defendants.**

-----------------------------------------------------------X

**PLEASE TAKE NOTICE,** that upon the annexed:  (i) Memorandum of Law in Support of Defendant Wine, Liquor & Distillery Workers Union Local 1-D, UFCW ("Local 1-D") Motion to Dismiss the Complaint; (ii) Affirmation of J. Warren Mangan and (iii) upon the Complaint and proceedings heretofore had herein, Defendant Local 1-D will move this court before the Hon. Joan M. Azrack, at the United States District Court for the Eastern District of New York, located at 100 Federal Plaza, Central Islip, New York  11722, *on a date and time to be determined by the Court* for an Order (1) granting this motion for dismissal of the Complaint

pursuant to Fed. R. Civ. P. 12(B)(6), with costs, disbursements and such other and further relief as to this Court, is just, proper and equitable.

Dated: New Rochelle, NY
       March 26, 2019

                                      O'CONNOR & MANGAN, P.C.
                                      Attorneys for Local 1-D

                                      By: J. WARREN MANGAN, ESQ. (JWM 8779)
                                      271 North Avenue, Suite 206
                                      New Rochelle, NY 10801
                                      914-576-7630, Ext. 15
                                      914-576-7682 - fax
                                      Email: ocmlawyers@aol.com

TO:   John Ray, Esq.
       Ray, Mitev & Associates, LLP
       122 N. Country Road
       P. O. Box 5440
       Miller Place, New York 11764
       Email: info@raymitevlaw.com
       Attorneys for Defendants

       Keith R. Thorell, Esq.
       Korshak, Kracoff, Kong & Sugano, LLP
       1640 S. Sepulveda Boulevard, Suite 520
       Los Angeles, California 90025
       Email: keith@kkks.com
       Attorneys for Defendant Southern Wine & Spirits of America, Inc.

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that on March 2⁶⁄2019, the within

DEFENDANT WINE, LIQUOR & DISTILLERY WORKERS UNION LOCAL 1-D, UFCW'S

NOTICE OF MOTION FOR SUMMARY JUDGMENT was served on the persons listed below,

via email and mail, as noted:

> John Ray, Esq.
> Ray, Mitev & Associates, LLP
> 122 N. Country Road
> P. O. Box 5440
> Miller Place, New York   11764
> Email: info@raymitevlaw.com
> Attorneys for Defendants

> Keith R. Thorell, Esq.
> Korshak, Kracoff, Kong & Sugano, LLP
> 1640 S. Sepulveda Boulevard, Suite 520
> Los Angeles, California   90025
> keith@kkks.com
> Attorney for Defendant Southern Wine & Spirits of America, Inc.

_____
J. WARREN MANGAN, ESQ.

J. WARREN MANGAN, ESQ. (JWM 8779)
O'CONNOR & MANGAN, P.C.
Attorneys for Wine, Liquor & Distillery Workers Union, Local 1-D
271 North Avenue, Suite 206
New Rochelle, NY   10801
914-576-7630, Ext. 15
914-576-7682 - fax
Email:  ocmlawyers@aol.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

**TATIANA HERDOCIA and ENA SCOTT,**

                      **Plaintiffs,**            Case No. 2:18-cv-05284 (JMA-ARL)

    - against -

**SOUTHERN GLAZER WINE & SPIRITS OF**      **MEMORANDUM OF LAW**
**AMERICA, INC. and WINE, LIQUOR &**          **IN SUPPORT OF LOCAL 1-D'S**
**DISTILLERY WORKERS UNION, LOCAL 1D,**  **NOTICE OF MOTION**
                                                         **TO DISMISS THE COMPLAINT**

                      **Defendants.**

-----------------------------------------------------------------X

Defendant Southern Glazer Wine & Spirits of NY, LLC ("SGWS") operates an office complex, warehouse and distribution facility in Syosset, New York ("Facility"), and Defendant Wine, Liquor & Distillery Workers Union Local 1-D, affiliated with the United Food & Commercial Workers International Union ("Local 1-D") is the collective bargaining representative of certain employees of SGWS employed at the Facility.  Among those employees represented by Local 1-D is a classification known as "inventory control clerks".  Plaintiffs Tatiana Herdocia ("Herdocia") and Ena Scott ("Scott") are part of that inventory control clerk group working at the Facility.  Plaintiffs commenced this civil action against SGWS and Local 1-D, on or about September 20, 2018, in this Court ("Action").

Plaintiffs commenced working for SGWS, at the Facility, in or around January 2008 and they continue to be employed at the facility as inventory control clerks. During that period SGWS and Local 1-D have been parties to successive collective bargaining agreements ("CBAs"), each of which has set forth the wages and benefits applicable to all of SGWS's inventory control clerks. Each of the claims brought in this Action are, separately, based on Plaintiffs' allegation that Local 1-D and SGWS sexually discriminated against them by negotiating for and paying Plaintiffs less than [SGWS's] male workers performing substantially the same work.

Discrimination suits are cognizable against union defendants only when the complaint alleges that the union failed to discharge its representation duties on behalf of its bargaining employee(s) in good faith, with honesty and without hostility. To **bring** a discrimination claim against a union, plaintiff(s) must allege that:

(1) the union breached its duty of fair representation ("DFR") to its bargaining unit employee(s), and

(2) the union's conduct was motivated by animus toward the claimant employee(s) protected status ("Wrongful Conduct").

To be **successful**, plaintiff(s) must prove:

(1) the union's Wrongful Conduct was arbitrary, discriminatory or in bad faith, and

(2) there was a causal connection between the union's Wrongful Conduct and the harm caused to the plaintiff(s).

Here, there is no DFR pleading against Local 1-D. Moreover, the statute of limitations for a breach of the DFR is six (6) months, and accrues no later than the time when Plaintiffs knew or reasonably should have known that such DFR had occurred. Because that six (6) month statute of limitation period applies to Plaintiffs' claims against Local 1-D their allegations must be dismissed with prejudice, as time-barred. In this case, any DFR claim would have accrued in or about November 2009. Any application to amend the Complaint herein would, thus, be futile. *DelCostello v. I.B.T.*, 462 U.S. 151, 155 (1983); *Cohen v. Flushing Hospital and Medical Center*, 68 F. 3d 64, 67 (2nd Cir. 1995); *Romero v. Local Union 272, et al.*, 2016 WL 5376210*9&10 (SDNY).

Discrimination claims against unions, brought under State law, do not lie. Such claims are subsumed, under federal common law, within the DFR, and are thus preempted within the duty of fair representation imposed by the National Labor Relations Act, 29 U.S.C. §8(b) (see *Vaca v. Sipes*, 386 U.S. 171, 177 (1967). See *Snay v. U.S. Postal Service*, 31 F. Supp. 2d 92, 99 (N.D.N.Y. 1998). *Hygom v. DiFazio Power & Electric, LLC*, 2015 WL 1247986 (EDNY). Thus, where a union is charged by a bargaining unit employee, on the basis of impermissible animus, that claim is construed as a breach of the DFR. Plaintiffs' state claims give no new rights to them and imposes no new duty on Local 1-D. Accordingly, Plaintiffs' claims must be dismissed.

The Equal Pay Act affords a basis for monetary recovery against employers, not unions, in private action brought by bargaining unit employees. The statute is expressly directed against employers. *Northwest Airlines, Inc. v. Transport Workers Union of American, AFL-CIO*, 451 U.S. 77, 94 (1981). Moreover, unions and employers do not share common liability to

employees under the New York Equal Pay Act (Labor Law §194). This statute is both analyzed and evaluated under the same standards as the Equal Pay Act. See *Lehman v. Bergmann Associates, Inc.*, 11 F. Supp. 3d 408, 420 (WDNY 2014).

For the foregoing reasons the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(B)(6) with costs and disbursements for this defense being paid by Plaintiffs.

Dated: New Rochelle, NY
March 26, 2019

                                    Respectfully submitted,

                                    O'CONNOR & MANGAN, P.C.

                                    By: J. WARREN MANGAN, ESQ. (8879)
                                        271 North Avenue, Suite 206
                                        New Rochelle, NY 10801
                                        914-576-7630, Ext. 15
                                        914-576-7682 - fax
                                        Email: ocmlawyers@aol.com

TO:    John Ray, Esq.
        Ray, Mitev & Associates, LLP
        122 N. Country Road
        P. O. Box 5440
        Miller Place, New York 11764
        Email: info@raymitevlaw.com
        Attorneys for Defendants

        Keith R. Thorell, Esq.
        Korshak, Kracoff, Kong & Sugano, LLP
        1640 S. Sepulveda Boulevard, Suite 520
        Los Angeles, California 90025
        keith@kkks.com
        Attorneys for Defendant Southern Wine & Spirits of America, Inc.

J. WARREN MANGAN, ESQ. (JWM 8779)
O'CONNOR & MANGAN, P.C.
Attorneys for Wine, Liquor & Distillery Workers Union, Local 1-D
271 North Avenue, Suite 206
New Rochelle, NY  10801
914-576-7630, Ext. 15
914-576-7682 - fax
Email:  ocmlawyers@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

TATIANA HERDOCIA and ENA SCOTT,

                    **Plaintiffs,**                    Case No. 2:18-cv-05284  (JMA-ARL)

      - against -

                                                           AFFIRMATION OF
                                                           J. WARREN MANGAN
SOUTHERN GLAZER WINE & SPIRITS OF        IN SUPPORT OF LOCAL 1-D'S
AMERICA, INC. and WINE, LIQUOR &           NOTICE OF MOTION
DISTILLERY WORKERS UNION,                  TO DISMISS THE COMPLAINT
LOCAL 1D,

                    **Defendants.**

-------------------------------------------------------X

I, J. Warren Mangan, pursuant to 28 U.S.C. §1746, hereby affirm:

    1. I am a member of the bar of the State of New York and of this Court. I am a partner in the firm of O'Connor & Mangan, P.C., attorneys for the Defendant Wine, Liquor & Distillery Workers Union Local 1-D, UFCW ("Local 1-D"). I have personal knowledge of the facts stated below and the proceedings in this case.

    2. I submit this affirmation in support of Local 1-D's motion to dismiss the Complaint.

## BACKGROUND

3. Plaintiffs filed their Complaint in this action on September 20, 2018.

4. This affirmation sets forth facts that support Local 1-D's position that Plaintiffs have no cause of action against Local 1-D for the relief sought in the Complaint.

## RELEVANT FACTS

1. Defendant Local 1-D is a "labor organization" as defined in the National Labor Relations Act ("Act"), 29 U.S.C. §152(5).

2. Defendant Southern Glazer Wine & Spirits of America, Inc. ("SGWS") is an "employer" as defined in the Act, 29 U.S.C. §152(2).

3. Plaintiffs Tatiana Herdocia ("Herdocia") and Eda Scott ("Scott") are "employees" as defined in the Act, 29 U.S.C. §152(3).

4. In or around January 2008, Herdocia and Scott began their employment with SGWS as inventory control clerks.

5. Local 1-D is the duly recognized collective bargaining representative of certain inventory control clerks employed by SGWS, including both Herdocia and Scott.

6. During the relevant times herein, said inventory control clerks were covered by the terms of a collective bargaining agreement by and between SGWS and Local 1-D ("CBA").

7. On September 20, 2018, Herdocia and Scott commenced this action ("Action").

8. Plaintiffs previously sued Local 1-D with nearly identical causes of action. See Case No. 14-cv-03196 (JAM-ARL) ("Original Action").

9. The Original Action was voluntarily dismissed, with prejudice, after the close of discovery. The Defendants herein were, also, Defendants in the Original Action and had separate motions for summary judgment pending.

2

10. This Court ordered the Original Action dismissed, with prejudice, on May 22, 2017.

11. In the Complaint, Plaintiffs, once again, sued Local 1-D alleging that, since July 2014, they have been the subjects of discrimination due to: (i) failure to promote, (ii) unequal terms and conditions of employment, and (iii) retaliation.

12. Plaintiffs have failed, in their Complaint, to allege that Local 1-D:

- breached its duty of fair representation to its bargaining unit employees at SGWS, and

- that Local 1-D's conduct was motivated by animus toward Herdocia and Scott.

I affirms under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on this 26th day of March, 2019.

J. WARREN MANGAN, ESQ. (JWM 8779)

Index No. 2:18-cv-05284 (JMD-ARL)
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Year

---

TATIANA HERDOCIA and ENA SCOTT,

Plaintiffs,

vs.

SOUTHERN GLAZER WINE & SPIRITS OF AMERICA, INC. and
WINE, LIQUOR & DISTILLERY WORKERS UNION, LOCAL 1D,

Defendants.

---

## DEFENDANT WINE, LIQUOR & DISTILLERY WORKERS UNION LOCAL 1-D, UFCW'S NOTICE OF MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(B)(6)

---

O'CONNOR & MANGAN, P.C.
*Attorneys for* Defendant NMDU
*Office and Post Office Address, Telephone*
271 North Avenue, Suite 206
New Rochelle, NY 10801
914-576-7630

---

| To | Signature (Rule 130-1.1-a) |
|---|---|
| Attorney(s) for | *Print name beneath* |

Service of a copy of the within                                is hereby admitted.
Dated,
Attorney(s) for                                                 *Print name beneath*

---

Please take notice
☐ NOTICE OF ENTRY
that the within is a certified copy of a
duly entered in the office of the clerk of the within named court on
☐ NOTICE OF SETTLEMENT
that an order                                     of which the within is a true copy will be presented for
settlement to the HON.                                                         one of the judges
of the within named court, at
on                                          at                  M
Dated,

Yours, etc.
O'CONNOR & MANGAN, P.C.