Keith R. Thorell, *pro hac vice*
**KORSHAK, KRACOFF, KONG & SUGANO, LLP**
1640 S. Sepulveda Blvd., Suite 520
Los Angeles, CA  90025
310-996-2340
310-996-2334 Fax

Anjanette Cabrera
Constangy, Brooks, Smith & Prophete, LLP
620 Eighth Avenue, 38th Floor
New York, New York 10018
(646) 341-6536
(646) 341-6543 Fax
*Attorneys for Defendant Southern*
*Glazer's Wine and Spirits, LLC*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TATIANA HERDOCIA and ENA SCOTT, | CASE NO.: CV-18 5284 JMA ARL |
| Plaintiffs, | **DEFENDANT SOUTHERN GLAZER'S WINE AND SPIRITS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS** Fed R. Civ. P. 12(b)(6) |
| v. | |
| SOUTHERN GLAZER'S WINE & SPIRITS f/k/a SOUTHERN WINE & SPIRITS OF AMERICA, INC. and WINE, LIQUOR & DISTILLERY WORKERS UNION, LOCAL 1-D, | |
| Defendants. | |

1

**Table of Contents**

I.     INTRODUCTION. ...........................................................................4

II.    PROCEDURAL HISTORY.............................................................5

III.   ARGUMENT AND AUTHORITIES.............................................7

     A.    Plaintiff's Dismissal with Prejudice Precludes the Instant Lawsuit. ...........7

     B.    Plaintiffs' Dismissal with Prejudice Bars All Claims that Could Have Been Asserted in the Original Action. ........................................8

     C.    Plaintiffs Cannot Simply Claim a New Legal Theory with the Same Factual Predicate to Avoid *Res Judicata*. ....................................9

     D.    Plaintiffs' Dismissal with Prejudice Bars All of the Factual Allegations in the Current Complaint...............................................10

     E.    Exclusion from a Meeting Does Not Constitute Actionable Retaliation...11

IV.   CONCLUSION...............................................................................12

**Table of Authorities**

**Cases**

Allen v. McCurry, 449 U.S. 90, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980) ................................. 8, 9

Cuban v. Kapoor Bros., 653 F. Supp. 1025 (E.D.N.Y. 1986) ........................................................ 7

Galabya v. N.Y.C. Bd. of Educ., 202 F.3d 636 (2d Cir.2000)...................................................... 12

Interoceanica Corp. v. Sound Pilots, Inc., 107 F.3d 86 (2d Cir. 1997)........................................ 7

Littlejohn v. City of New York, 795 F.3d 297 (2nd Cir. 2015).................................................... 12

Nemaizer v. Baker, 793 F.2d 58 (2d Cir.1986) ...................................................................... 7, 9

Samuels v. N. Telecom, Inc., 942 F.2d 834 (2d Cir. 1991).................................................... 9, 11

Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72 (2nd Cir. 2015) ................................... 12

Waldman v. Vill. of Kiryas Joel, 39 F. Supp. 2d 370 (S.D.N.Y. 1999) ....................................... 10

I.     <u>INTRODUCTION</u>.

In 2014, Plaintiffs Tatiana Herdocia and Ena Scott ("Plaintiffs") filed suit against their employer, Defendant Southern Glazer's Wine and Spirits, LLC ("SGWS").  Plaintiffs claimed sex discrimination based on unequal allocation of overtime.  After nearly three years of litigation, SGWS filed for summary judgment.  Plaintiffs failed to oppose and eventually agreed to dismiss the lawsuit ***with prejudice***.  According to Plaintiffs, they did so "for strategic reasons."

Less than two months after that dismissal, Plaintiffs executed new EEOC Affidavits containing the same core allegation that underlay their previous lawsuit—disparate allocation of overtime.  Plaintiffs included various allegations in their EEOC affidavits, all of which pre-dated their dismissal with prejudice.  Thus, it is apparent that Plaintiffs' "strategic reasons" were to avoid the summary judgment motion that had been filed against them and to start all over again with a new lawsuit alleging the same facts, hoping for a different outcome.  This Court should not countenance Plaintiffs' duplicity.

Under the law, Plaintiffs' dismissal with prejudice has the effect of a final adjudication on the merits favorable to SGWS and bars future suits brought by plaintiff on the same cause of action.  Plaintiffs' two suits both contain causes of action for sex discrimination.  Plaintiffs' dismissal clearly bars these claims.  Moreover, a dismissal with prejudice blocks not only matters actually litigated in a prior action, but any that **<u>could have been</u>** litigated but were not raised in that lawsuit.  Here, Plaintiffs' EEOC Affidavits and new Complaint contain a litany of allegations all of which could have been asserted in the earlier case.  *Res judicata* prohibits all of these claims.

To avoid this, Plaintiffs adopt the same factual underpinnings—denial of overtime opportunities—to premise a new cause of action:  retaliation.  Nevertheless, *res judicata* bars different legal theories when premised on the same, already-litigated facts.  Here, all of the facts in Plaintiffs' Complaint were asserted or could have been asserted in the original action.  As such, they cannot survive the preclusive effects of Plaintiffs' dismissal with prejudice.  This Court should grant SGWS's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

II.   <u>PROCEDURAL HISTORY</u>.

On May 22, 2014, Plaintiffs filed suit against their employer, Defendant Southern Glazer's Wine and Spirits, LLC[1] ("SGWS") and their Union, Defendant Wine, Liquor & Distillery Workers Union, Local 1D ("Union").  <u>See</u> Case No. 14-cv-03196-JMA-ARL ("Original Action").  The lawsuit alleged three causes of action: violation of the Equal Pay Act, violation of the New York State Human Rights Law and violation of section 194 the New York State Labor Law.  SGWS and the Union answered Plaintiffs' Complaint and the parties litigated the matter for three years.

In the course of litigating the Original Action, Plaintiffs confirmed that their allegations were based on claims that overtime opportunities had been illegally denied them.  To oppose SGWS's summary judgement motion, Plaintiffs urged the Court to order SGWS to allow discovery of overtime information for all Union employees working in the SGWS's warehouse.  Plaintiffs' case turned on this crucial information because "The allegation that defendants failed to give plaintiffs the same overtime opportunities as the men in the warehouse is clearly plead in the complaint."  (<u>See</u> Original Action, Document 18, p.1.)  The Court ordered SGWS to turn over the information and SGWS did so.

Following that exchange of information, the Court permitted SGWS to serve Plaintiffs with its motion for summary judgment.  SGWS served its motion in April, 2017.  Plaintiffs failed to oppose the motion.  Instead, Plaintiffs agreed to dismiss the Original Action **with prejudice**.  Counsel for all parties signed a stipulation of dismissal with prejudice and the Court accepted the stipulation writing, "Case Closed.  So ordered. 5/22/17." (Original Action, Document 27, p.2.)

---

[1] At the time Defendant Southern Glazer's Wine and Spirits, LLC was incorporated as Southern Wine and Spirits of America, Inc.  The two entities are the same; the name change is the result of a corporate transaction that occurred between the filing of the original action and the filing of this action.

Not even two months later, on July 19, 2017, Plaintiffs executed nearly identical EEOC Affidavits.  (See Case No. 18-cv-05284 (JMA)(ARL) Document 1 (hereinafter "Current Complaint"), pp. 8-13; 15-20.)  These EEOC affidavits are incorporated into the Current Complaint.  (See Current Complaint, p.5 at III.E.)  The allegations in these EEOC Affidavits constitute the only specific allegations in the Current Complaint.  (See Current Complaint.)  In the Current Complaint, Plaintiffs allege, "In or around 2014 . . . [we] felt that we were being treated differently than our male warehouse coworkers because of our sex with regards to our opportunity to earn overtime."  (Current Complaint, p. 9, ¶7; p. 16, ¶7.)  Plaintiffs next allege that "in or around September 2016" SGWS posted a job opening for "a warehouse checkers position" but that the job posting was later removed.  (Current Complaint, p. 10, ¶¶14-20; p.17, ¶¶ 14-20.)  Later Plaintiffs allege that in November 2016, SGWS hired a male to work in their department who was allowed to perform work they "had constantly been denied."  (Current Complaint, p. 11, ¶¶21-23; p. 18, ¶¶21-23.)  Plaintiffs then claim that in January 2017, they were issued written discipline instead of a verbal warning for safety violations.  (Current Complaint, p.11, ¶¶ 24-27; p.18 ¶¶24-27.)[2]  Finally, Plaintiffs claim that on April 6, 2017 and again in "May 2017" they were not permitted to attend "voluntary Safety Committee meeting[s]."  (Current Complaint, p.11, ¶28-p.12 ¶34; p.18, ¶28-p.19, ¶34.)  The common thread is all of these allegations occurred prior to entry of the dismissal with prejudice on May 22, 2017.

Plaintiffs filed the instant lawsuit on September 20, 2018.  Like the Original Action, the crux of Plaintiffs' claims is that they were "Not allowed to work overtime . . ." (Current Complaint, p.4 at III.D.)  Plaintiffs' Complaint incorporates the allegations in their EEOC Affidavits.  (Current Complaint, p.5 ("PLEASE SEE ATTACHED COPY OF PLAINTIFFS' EEOC CHARGE.") (capitalization in original).)  Because all of Plaintiffs' factual allegations took place prior to their dismissal with prejudice, SGWS now brings this Motion to Dismiss.

---

[2] Plaintiffs' affidavits omit reference to the fact that the written discipline was converted to verbal warnings as a result of their complaints.

III.    <u>ARGUMENT AND AUTHORITIES</u>.

    A.    <u>Plaintiff's Dismissal with Prejudice Precludes the Instant Lawsuit</u>.

Under the law, "A dismissal with prejudice has the effect of a final adjudication on the merits favorable to defendant and bars future suits brought by plaintiff upon the same cause of action." <u>Nemaizer v. Baker</u>, 793 F.2d 58, 60 (2d Cir.1986). Plaintiffs' Original Action contains a cause of action for "Sex Discrimination." (<u>See</u> Original Action, Document 1 ("Original Complaint"), p.5 ("AS AND FOR A SECOND CAUSE OF ACTION (Sex Discrimination – NYSHRL)".) Plaintiffs alleged, "Defendants discriminated against Plaintiffs because of their sex." (Original Complaint, p. 5, ¶31.) The instant lawsuit contains the exact same cause of action: "Defendants discriminated against me based on my . . . gender/sex." (Current Complaint, p.4 at III.D.) There can be no doubt that the Original Action and the Current Complaint both assert the exact claims for sex discrimination.

"A dismissal of a cause of action with prejudice amounts to a final judgment on the merits for *res judicata* purposes." <u>Cuban v. Kapoor Bros.</u>, 653 F. Supp. 1025, 1030 (E.D.N.Y. 1986). As the Second Circuit has held:

> The doctrine of res judicata provides that when a final judgment has been entered on the merits of a case, [i]t is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

<u>Interoceanica Corp. v. Sound Pilots, Inc.</u>, 107 F.3d 86, 90, (2d Cir. 1997). Under these cases, Plaintiffs' dismissal with prejudice bars the instant suit. Plaintiffs once again sue for sex discrimination despite the *res judicata* effect of the dismissal. Moreover, the allegations of sex discrimination in the Current Complaint simply mimic the allegations in the Original Complaint. In that case, Plaintiffs argued to the Court that "The allegation that defendants failed to give plaintiffs the same overtime opportunities as the men in the warehouse is clearly plead in the complaint." (Original Action, Document 18, p.1.) Here, they allege "Not allowed to work

overtime because we're female and filed a discrimination claim against them." (Current Complaint, p.4 at III.D.)

In short, Plaintiffs sued for sex discrimination claiming inability to get the same overtime chances as male employees, lost their suit by dismissing with prejudice, and now sue again for sex discrimination claiming inability to get the same overtime chances as male employees. This is the paradigmatic example of what *res judicata* forbids.

Worse, Plaintiffs agreed to dismiss the Original Action with prejudice after forcing SGWS to litigate that case for three years, at considerable expense, and with a Motion for Summary Judgment pending. Plaintiffs claim in their Current Complaint that they "decided to voluntarily dismiss that case for strategic reasons on or around May 19, 2017." (Current Complaint, p.9, ¶9; p.16, ¶9.) The case was dismissed after SGWS brought a motion for summary judgment which Plaintiffs failed to oppose on the eve that the papers would be filed with the Court. It is outrageous to think that Plaintiffs' "strategic reasons" were to avoid the effect of the summary judgment motion knowing full well they would bring all of the same allegations against SGWS only two months later (which is precisely what Plaintiffs did!). This Court should not countenance Plaintiffs' duplicitous behavior. As Plaintiffs already sued on the exact same cause of action and suffered the equivalent of an adverse final judgment on the merits, this Court must grant SGWS's Motion to Dismiss. (Current Complaint, p.4 at III.D.)

B.    Plaintiffs' Dismissal with Prejudice Bars All Claims that Could Have
       Been Asserted in the Original Action.

The United States Supreme Court has held that *res judicata* bars future suits even on issues that were not raised in previous litigation but could have been: "Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94, 101 S. Ct. 411, 414, 66 L. Ed. 2d 308 (1980). "A dismissal with prejudice is *res judicata* not only as to the matters actually litigated in the previous action, 'but as to all relevant issues which

could have been but were not raised and litigated in the suit.'"  Samuels v. N. Telecom, Inc., 942

F.2d 834, 836 (2d Cir. 1991) (citing Nemaizer, 793 F.2d at 61).  "To be sure, a dismissal *with*

*prejudice* was a risky choice if future litigation was contemplated, since it would wipe out all

claims that *could* have been asserted in the dismissed suit."  Id. at 837 (emphasis in original).  An

important goal of the *res* judicata doctrine is to "relieve parties of the cost and vexation of

multiple lawsuits."  Allen v. McCurry, 449 U.S. at 94.  Plaintiffs' "strategic reasons" which

clearly contemplated future litigation directly contradict the important goal of relieving parties of

the cost and vexation of multiple lawsuits.  Samuels makes clear that such claims cannot

succeed.  Even had Plaintiffs not clearly litigated their overtime claims in the Original Action,

the effect of their dismissal with prejudice is to "wipe out all claims that *could* have been

asserted in the dismissed suit."

    None of the factual allegations contained in the EEOC Affidavits occurred after

May 2017 when the Original Action was dismissed with prejudice.  Plaintiffs' EEOC charges

reinforce this as both state that "May 2017" is the "latest" date that discrimination took place.

(Current Complaint at 7 and 14 ("DATE(S) DISCRIMINATION TOOK PLACE: Earliest, July

2014, Latest, May 2017.").)  All of these factual allegations could have been brought in the

Original Action.  All of them pre-date the dismissal with prejudice.  Plaintiffs sued on the New

York Human Rights Law in the Original Action which includes retaliation within its ambit.

Under Samuels, Plaintiffs are precluded from bringing the same allegations in a subsequent suit.

As all of the allegations upon which the Current Complaint relies pre-date the dismissal with

prejudice, there can be no doubt that Plaintiffs' claims are barred.


   C.  Plaintiffs Cannot Simply Claim a New Legal Theory with the Same
      Factual Predicate to Avoid *Res Judicata*.

    "[W]hatever legal theory is advanced, when the factual predicate upon which

claims are based are substantially identical, the claims are deemed to be duplicative for purposes

of *res judicata*. In sum, new legal theories do not amount to a new cause of action as to defeat

*res judicata*."  Waldman v. Vill. of Kiryas Joel, 39 F. Supp. 2d 370, 377 (S.D.N.Y. 1999), aff'd, 207 F.3d 105 (2d Cir. 2000) (internal citations omitted).  Here, the factual predicate behind the claims in each lawsuit are exactly duplicative.  Although Plaintiff adds a cause of action for retaliation in the Current Complaint, the "factual predicate" underlying that claim is "substantially identical:"  "Not allowed to work overtime because we're female and filed a discrimination claim against them."  (Current Complaint, p.4 at III.D.)  It seems the "strategic reasons" behind the dismissal with prejudice were simply a desire to avoid summary judgment and relabel their sex discrimination claim (in which they alleged disparate allocation of overtime opportunity) as a retaliation claim (in which they allege disparate allocation of overtime opportunity).  But, "whatever legal theory is advanced . . . the claims are deemed duplicative for purposes of *res judicata*."  Waldman, 39 F. Supp. 2d at 377.  Plaintiffs cannot avoid *res judicata* simply by slapping a new title—retaliation—on the same allegations of unfair allocation of overtime.  Their own Complaint confirms that they base their retaliation claim on the same "not allowed to work overtime" allegation that premised their sex discrimination claim in the Original Action.  (See Current Complaint, p.4 at III.D.)

        D.      Plaintiffs' Dismissal with Prejudice Bars All of the Factual Allegations in the Current Complaint.

        None of the allegations in the EEOC Affidavits made part of the Current Complaint suffice to revive the instant lawsuit.  First, Plaintiffs' own allegations make clear that their allegations date back to 2014—*the year in which they filed the Original Action.*  (See Current Complaint, p. 9, ¶7; p. 16, ¶7 ("In or around 2014 . . . [we] felt that we were being treated differently than our male warehouse coworkers because of our sex with regards to our opportunity to earn overtime.").  This confirms that all of these allegations could have been brought in the Original Action as they occurred prior to their dismissal with prejudice at a time when they already felt they "were being treated differently."

10

Second, all of the allegations in the Current Complaint could have been litigated in the Original Action.  Plaintiffs allege that a job opening was posted and later withdrawn but make no allegation that withdrawing the posting had anything to do with discrimination or retaliation.  Moreover, because this allegedly occurred in 2016, Plaintiffs could very simply have made this part of the then-existing Original Action.  Likewise, their allegation that SGWS hired a male in 2016 and immediately allowed him to do work they had been denied could have been part of the Original Action.  (See Current Complaint, p. 11, ¶¶21-23; p. 18, ¶¶21-23.).  That they chose not to assert these facts prior to dismissing the Original Action with prejudice does not permit a subsequent lawsuit.  As Samuels makes clear, "a dismissal *with prejudice* was a risky choice if future litigation was contemplated, since it would wipe out all claims that *could* have been asserted in the dismissed suit."  Samuels, 942 F.2d at 837.

Similarly, Plaintiffs' allegations that they received written discipline instead of a verbal warning allegedly occurred in January 2017—months before the dismissal.  (See Current Complaint, p.11, ¶¶ 24-27; p.18 ¶¶24-27).  Plaintiffs could have asserted those facts as part of their sex discrimination claim especially as their EEOC affidavits allege that males were written up for similar violations.  (See Current Complaint, p.11, ¶¶24-27; p.18 ¶¶24-27.)

Finally, Plaintiffs allege that they were denied the opportunity to attend a "voluntary Safety Committee meeting" in April 2017 and again in May.  (See Current Complaint, p.11, ¶28-p. 12, ¶35; p. 18, ¶28-p.19, ¶35.)  Because these allegations pre-date the dismissal with prejudice, Plaintiffs could have asserted these in the Original Action.  The dismissal with prejudice "wipe[d] out" these claims.  See Samuels, 942 F.2d at 837.

E.      Exclusion from a Meeting Does Not Constitute Actionable Retaliation.

Even if Plaintiffs change their allegations and claim that the denial of their opportunity to attend the third safety meeting in May 2017 post-dates the dismissal with prejudice, their Complaint should still be dismissed.  Denying an opportunity to attend a safety meeting does not constitute an adverse employment action under the law.

11

"To establish a presumption of retaliation at the initial stage of a Title VII litigation, a plaintiff must present evidence that shows . . . an adverse employment action." Littlejohn v. City of New York, 795 F.3d 297, 315–16 (2nd Cir. 2015) (internal quotation omitted).  "A plaintiff sustains an adverse employment action if he or she endures a materially adverse change in the terms and conditions of employment." Galabya v. N.Y.C. Bd. of Educ., 202 F.3d 636, 640 (2d Cir.2000) (internal quotation marks omitted).  "An adverse employment action is one which is more disruptive than a mere inconvenience or an alteration of job responsibilities  Examples of materially adverse changes include termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 85 (2nd Cir. 2015) (internal citations omitted).

Under Vega, there can be little doubt that denial of an opportunity to attend a "voluntary Safety Committee meeting" is not the type of adverse employment action required to establish a cause of action for retaliation.  Plaintiff alleges no materially adverse change in the terms and conditions of their employment.  Instead, not being able to attend the meeting is a "mere inconvenience" that does not amount to an adverse employment action.  Id.  In fact, Plaintiffs' EEOC Affidavits tacitly admit that they failed to attend the first such "voluntary Safety Committee meetings."  How could being excluded from a meeting they voluntarily skipped constitute an adverse employment action?  Thus, even the one allegation in Plaintiffs' Complaint that could possibly survive the preclusive effect of their dismissal with prejudice cannot support a claim of retaliation.  As such, this Court must grant SGWS's motion and dismiss Plaintiffs' Complaint.

IV.    CONCLUSION.

A dismissal **with prejudice** conclusively bars future litigation on any facts or legal theories actually asserted or which could have been asserted in the underlying litigation. Notwithstanding Plaintiffs' "strategic reasons" to dismiss their Original Action so they could

12

avoid the pending summary judgment motion and make the same allegations anew, the law does not countenance such tactics.  Having forced SGWS to litigate the same case for three years before it obtained a favorable dismissal, Plaintiffs cannot avoid the consequence of their duplicity.  For all of the foregoing reasons, this Court should dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6).


 Dated:  March 29, 2019                           Respectfully Submitted,


                                                           /s/ Keith R. Thorell
                                         Keith R. Thorell, *pro hac vice*
                                         KORSHAK, KRACOFF, KONG & SUGANO, LLP
                                         1640 S. Sepulveda Blvd., Suite 520
                                         Los Angeles, CA  90025
                                         (310) 996-2340
                                         Keith@kkks.com

                                         Anjanette Cabrera
                                         Constangy, Brooks, Smith & Prophete, LLP
                                         620 Eighth Avenue, 38th Floor
                                         New York, New York 10018
                                         (646) 341-6536
                                         acabrera@constangy.com
                                         *Attorneys for Defendant*
                                         *Southern Glazer's Wine and Spirits, LLC*