UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

TATIANA HERDOCIA and ENA SCOTT,

                        Plaintiffs,

  *- against -*                                           18-CV-5284 (JMA)(ARL)

SOUTHERN GLAZER'S WINE & SPIRITS, f/k/a
SOUTHERN WINE & SPIRITS OF AMERICA, INC.,
and WINE, LIQUOR & DISTILLERY WORKERS
UNION, LOCAL 1D,

                        Defendants.

-----------------------------------------------------------------------X


**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS SOUTHERN GLAZER'S WINE AND SPIRITS, LLC
AND WINE, LIQUOR & DISTILLERY WORKERS UNION, LOCAL 1D's
MOTIONS TO DISMISS**


                                                               John Ray, Esq.
                                                                RAY, MITEV & ASSOCIATES, LLP
                                                                *Attorneys for Plaintiffs*
                                                                122 N. Country Road
                                                                P.O. Box 5440
                                                               Miller Place, NY 11764
                                                                (631) 473-1000
                                                                john@raymitevlaw.com
                                                                www.raymitevlaw.com

**Table of Contents**

INTRODUCTION ........................................................................................................................1

STATEMENT OF FACTS ........................................................................................................1

STANDARD OF REVIEW ........................................................................................................4

ARGUMENT ..............................................................................................................................4

I.  THE DISMISSAL OF THE PRIOR ACTION DOES NOT
    FORECLOSE PLAINTIFFS' PRESENT ACTION...........................................................4

    A.  Plaintiffs' Present Action for Retaliation was Not
        Asserted in the Prior Action and was not covered by
        the Dismissal of Same...............................................................................................4

    B.  Plaintiffs' Present Action for Title VII and NYSHRL
        Discrimination was Not Asserted in the Prior Action
        and was not covered by the Dismissal of Same. ......................................................6

    C.  There is no *Res Judicata* Bar for Transactions that
        Occurred After the Commencement of the First Action...........................................7

    D.  The 2017 Allegations in the EEOC Complaint Could
        Not Have Been Pursued under the 2014 Complaint,
        Because Plaintiffs had not Exhausted their Remedies..............................................8

    E.  The Stipulation of Dismissal by its Terms is Limited to
        "Claims and Defenses Asserted" in the Action and
        Does Not Foreclose a New Action Based on Other
        Claims. .......................................................................................................................8

II. PLAINTIFFS HAVE ADEQUATELY PLED CAUSES
    OF ACTION AGAINST LOCAL 1D.............................................................................10

    A.  Plaintiff's Complaint Against Local 1D was Timely. ............................................10

    B.  Plaintiffs' State Law Claims are Not Preempted by the
        National Labor Relations Act. .................................................................................11

    C.  Plaintiffs have adequately Plead that Local 1D
        breached its Duty of Fair Representation................................................................11

REQUEST FOR LEAVE TO AMEND..................................................................................12

CONCLUSION........................................................................................................................13

**Cases**

*Allaire Corp. v. Okumus*,
  433 F.3d 248 (2d Cir. 2006) ................................................................................................. 4

*Barbrocky v. Jewel Food Co. and Retail Meat Cutters Union, Local 320*,
  773 F.2d 857 (7th Cir. 1985) ............................................................................................... 10

*Bell Atl. Corp. v. Twombly,*.
  550 U.S. 544 (2007) .............................................................................................................. 4

*Blaizin v. Caldor Store #38*,
  1998 WL 420775, at *2 (S.D.N.Y.,1998) ........................................................................... 10

*Burton v. Silvercrest Center for Nursing and Rehabilitation*,
  2013 WL 1346308, at *5 (E.D.N.Y.,2013) ........................................................................... 8

*Federated Dep't Stores, Inc. v. Moitie*,
  452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). ........................................................ 7

*Figueroa v. Foster*,
  864 F.3d 222 (2nd Cir. 2017) ....................................................................................... 11, 12

*Fowlkes v. Ironworkers Local 40*,
  790 F.3d 378 (2nd Cir. 2015) ............................................................................................... 12

*Hayden v. Cnty. of Nassau*,
  180 F.3d 42 (2d Cir. 1999) .................................................................................................. 12

*Hygom v. DiFazio Power & Elec., LLC*,
  2015 WL 1247986, at *4 (E.D.N.Y.,2015) ......................................................................... 11

*Maharaj v. Bankamerica Corp.*,
  128 F.3d 94 (2nd Cir. 1997) ................................................................................................... 8

*McDonald-Cuba v. Santa Fe Protective Services, Inc.*,
  644 F.3d 1096 (10th Cir. 2011) .......................................................................................... 6, 8

*NLRB v. United Technologies*,
  706 F.2d 1254 (2d Cir.1983) ................................................................................................. 5

*Patane v. Clark*,
  508 F.3d 106 (2d Cir. 2007) .................................................................................................. 4

*Sasmor v. Powell,*
  554 Fed. Appx. 67 (2d Cir. 2014) ......................................................................................... 4

*Vaca v. Sipes*,
  87 S.Ct. 903, 386 U.S. 171 (1967) ...................................................................................... 11

**Statutes**

29 U.S.C. § 185 .......................................................................................................................... 11

Labor Law §194 .......................................................................................................................... 2

NY Human Rights Law ........................................................................................................... 2, 3

Title VII ....................................................................................................................................... 3


**Treatises**

Restatement (Second) of Judgments § 24(1) (1982) ................................................................... 8

**INTRODUCTION**

This memorandum is respectfully submitted in opposition to: i) the Notice of Motion by Defendant Southern Glazer's Wine & Spirits, LLC's to dismiss the Complaint in this action; and ii) Defendant Wine, Liquor & Distillery Workers Union, Local 1D's Notice of Motion to dismiss the Complaint in this action (Dkt. 20).

For the reasons set forth below, this Court should deny the motions of Defendants.

**STATEMENT OF FACTS**

The complaint (Dkt. 1), incorporating Plaintiffs' EEOC Affidavits, contains detailed allegations of Defendants' misconduct, all of which, for purposes of Defendants' dismissal motions, are deemed to be true. The relevant factual allegations in the complaint are summarized below along with additional procedural history relevant to the instant motions.

Plaintiffs Tatiana Herdocia and Ena Scott are both employees of Defendant Southern Glazer's Wine & Spirits ("Southern"), and are both represented by Defendant union Wine Liquor & Distillery Workers Union, Local 1D ("Local 1D"), through a collective bargaining agreement. At the time they were both hired, in January 2008, and at all times relevant to this action, Plaintiffs were the only female employees assigned to work in the warehouse of Defendant Southern. On or about December 2008, both Plaintiffs became members of Local 1D.

On or about May 22, 2014, Plaintiffs filed a Complaint (Exhibit 1) in a prior action, *Herdocia, et al. v. Southern Wine & Spirits of Amer., Inc, et al.* 14-cv-3196 ("*Herdocia I*"), alleging, in total, as follows:

    i   The rate of pay negotiated between Local 1-D and Southern was less than male coworkers and union members that performed job duties substantially similar to Plaintiffs. (¶ 27);

1

ii  Plaintiffs' department requested to work the guaranteed two and a half (2.5) hour weekly overtime given to male warehouse union workers. They were informed that said overtime did not apply to Plaintiffs' department because they were "clerical." (¶ 28);

iii  Plaintiffs' department inquired about top pay but were informed that top pay did not apply to Plaintiffs' department because they were "clerical." (¶ 29);

iv  Plaintiffs inquired of Local I-D official Frank Cognetta why Plaintiffs were not getting a rate of pay similar to male warehouse workers that performed similar job functions. Cognetta replied that Plaintiff could not receive similar pay as they did not check the products on the truck on the dock, but that Plaintiffs could receive a pay increase if they drove heavy machines. Plaintiffs responded that they did check products and operate heavy machines and were certified to do so; however, their rate of pay was never adjusted to that of their similarly situated male coworkers; (¶ 30).

Based on these allegations, the Complaint in *Herdocia I* alleged:

i  Violations of the Equal Pay Act, due to "sex-based differential pay practices" (¶ 37);

ii  State Law (NYSHRL) sex discrimination due to use of "sex as a determining factor for pay" (¶ 44); and

iii  State Labor Law §194 violations for "sex-based differential pay practices" (¶ 53).

The allegations in *Herdocia I* were limited to discriminatory conduct relating to the failure to provide equal pay to plaintiffs because they were female.

*Herdocia I* was settled by a "joint stipulation of dismissal with prejudice" dated May 11, 2017, which was so-ordered on May 22, 2017 ("Dismissal Order"). The Dismissal Order states that the parties "hereby stipulate that this action and all claims and defenses <u>asserted therein</u> be dismissed with prejudice." (my emphasis).

After filing the Complaint in *Herdocia I,* Plaintiffs were subjected to new discriminatory and retaliatory acts unrelated to their rate of pay, including, *inter alia*:

- Retaliation for filing *Herdocia I*;
- Denial of opportunities to work overtime;
- Being told that they would have to work night shift to get overtime (although available to men on day shift);
- Being denied opportunities for overtime on night shift;
- Being denied the opportunity to apply for warehouse checker position;
- Being denied opportunities to undertake additional duties offered to less-senior male employees;
- Receiving written reprimands for actions routinely committed by male employees who were not reprimanded;
- Multiple instances of being excluded from meetings; and
- Being publicly embarrassed and humiliated.

(see EEOC Affidavits of Herdocia and Scott attached to and made part of the Complaint).

On or about July 26, 2017, both Plaintiffs filed discrimination complaints with the U.S. Equal Employment Opportunity Commission (EEOC) alleging the above-stated acts and discrimination on the basis of sex and retaliation. On or about July 2, 2018, Plaintiffs received a right to sue letter from EEOC. On September 20, 2018, Plaintiffs filed the new Complaint in the instant action. The instant Complaint alleges violations of Title VII and NY Human Rights Law and further alleges failure to promote; unequal terms and conditions of employment; and retaliation.

3

## STANDARD OF REVIEW

A Motion to Dismiss cannot be granted unless the non-moving party demonstrates that the pleading does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim "tests the legal sufficiency of the party's claim for relief." *Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). When ruling on a Rule 12(b)(6) motion, a court must accept the factual allegations contained in a complaint as true and draw all inferences in favor of the plaintiff. *Allaire Corp. v. Okumus*, 433 F.3d 248, 249-50 (2d Cir. 2006). In order to defeat a Rule 12 motion, plaintiffs "need only plead 'a short and plain statement of the claim,' with sufficient factual 'heft to show that the pleader is entitled to relief.'" *Id.* A court should find that a complaint has "facial plausibility" when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable. *Sasmor v. Powell,* 554 Fed. Appx. 67, 68 (2d Cir. 2014).

## ARGUMENT

### I. THE DISMISSAL OF THE PRIOR ACTION DOES NOT FORECLOSE PLAINTIFFS' PRESENT ACTION

#### A. Plaintiffs' Present Action for Retaliation was Not Asserted in the Prior Action and was not covered by the Dismissal of Same.

No retaliation complaint was actually asserted in the 2014 case although the ad damnum clause in the 2014 Complaint asks for an award for retaliation. A retaliation case is stated in the 2018 case.

The allegations of retaliation in the 2018 case are detailed in Plaintiff Herdocia's EEOC Affidavit of 7/17/2017 (Herdocia Aff.), and Plaintiff Scott's EEOC Affidavit of 7/19/2017 (Scott Aff.), attached to the 2018 Complaint, including the following allegations:

4

- Denial of opportunities to work overtime;
- Being told that they would have to work night shift to get overtime (although available to men on day shift);
- Being denied opportunities for overtime on night shift;
- Being denied the opportunity to apply for warehouse checker position;
- Being denied opportunities to undertake additional duties offered to less-senior male employees;
- Receiving written reprimands for actions routinely committed by male employees who were not reprimanded;
- Multiple instances of being excluded from meetings; and
- Being publicly embarrassed and humiliated.

These allegations post-date the actions of Defendants which led to the 2014 Complaint. They are new allegations of retaliation not covered by the 2014 Complaint.

Here, the transactions that comprise the Plaintiff's EEOC complaints, as incorporated into the instant Complaint, all transpired in or about September 2016 through May, 2017, <u>after</u> the filing of the Complaint in *Herdocia I*. The retaliatory actions of Defendants in denying Plaintiffs opportunities for work; publicly harassing and humiliating them; and telling co-workers to "not get involved" with them, all transpired <u>after</u> *Herdocia I* was filed. Plaintiffs' Title VII claims of retaliation are completely independent of the allegations of *Herdocia I*, which was almost entirely focused on issues relating to disparity in pay based on gender. The gravamen of the instant complaint is the discriminatory/retaliatory actions of Defendants in limiting the opportunities of Plaintiffs, irrespective of the rate of pay (although, to be sure, the loss of opportunity resulted in less income to Plaintiffs). The present allegations are new transactions unrelated to the prior complaint except that the *Herdocia I* action is the impetus for the (new) acts of retaliation. See, *NLRB v. United Technologies*, 706 F.2d 1254, 1260 (2d Cir.1983) ("Whether or not the first judgment will have preclusive effect depends in part on whether the same transaction or connected

series of transactions is at issue ..."); see also *McDonald-Cuba v. Santa Fe Protective Services, Inc.*, 644 F.3d 1096, 1100 (10th Cir. 2011) (retaliation is "discrete and independent action . . . even though it occurred after the filing of the judicial complaint").

### B. Plaintiffs' Present Action for Title VII and NYSHRL Discrimination was Not Asserted in the Prior Action and was not covered by the Dismissal of Same.

The acts of discrimination in the present action were not asserted in the 2014 case. The allegations set forth in the 7/17/2017 Herdocia Aff., and 7/19/2017 Scott Aff., are all new acts of discrimination, including:

- Denial of opportunities to work overtime;
- Being told that they would have to work night shift to get overtime (although available to men on day shift);
- Being denied opportunities for overtime on night shift;
- Being denied the opportunity to apply for warehouse checker position;
- Being denied opportunities to undertake additional duties offered to less-senior male employees;
- Receiving written reprimands for actions routinely committed by male employees who were not reprimanded;
- Multiple instances of being excluded from meetings; and
- Being publicly embarrassed and humiliated.

These allegations post-date the actions of Defendants which led to the 2014 Complaint. They are new allegations of discrimination not covered by the 2014 Complaint.

Here, the transactions that comprise the instant Complaint, all transpired in or about September 2016 through May, 2017, <u>after</u> the filing of the Complaint in *Herdocia I*. The discriminatory actions of Defendants in denying Plaintiffs opportunities for work; publicly harassing and humiliating them; and telling co-workers to "not get involved" with them, all

6

transpired <u>after</u> *Herdocia I* was filed. Plaintiffs' Title VII claims of discrimination are completely independent of the allegations of *Herdocia I*, which was almost entirely focused on issues relating to disparity in pay based on gender.

    **C.    There is no *Res Judicata* Bar for Transactions that Occurred After the Commencement of the First Action**

Under both New York law and federal law, the doctrine of *res judicata*, or claim preclusion, provides that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981). The doctrine states that once a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the same parties concerning "the transaction, or series of connected transactions, out of which the [first] action arose." <u>Restatement (Second) of Judgments</u> § 24(1) (1982). As articulated by the Second Circuit:

> In determining whether a second suit is barred by this doctrine, the fact that the first and second suits involved the same parties, similar legal issues, similar facts, or essentially the same type of wrongful conduct is not dispositive. Rather, the first judgment will preclude a second suit only when it involves the same "transaction" or connected series of transactions as the earlier suit; that is to say, the second cause of action requires the same evidence to support it and is based on facts that were also present in the first.

*Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2nd Cir. 1997) (cites omitted).

Moreover, although Plaintiffs <u>may</u> amend their pleadings to address new transactions, they are not required to do so:

> [A]s a matter of logic, when the second action concerns a transaction occurring after the commencement of the prior litigation, claim preclusion generally does not come into play. Accordingly, if, after the first suit is underway, a defendant engages in actionable conduct, plaintiff may—but is not required to—file a supplemental pleading setting forth defendant's subsequent conduct. Plaintiff's failure to supplement the pleadings of his

7

already commenced lawsuit will not result in a *res judicata* bar when he alleges defendant's later conduct as a cause of action in a second suit

*Maharaj*, 128 F.3d at 97. See also, *Burton v. Silvercrest Center for Nursing and Rehabilitation*, 2013 WL 1346308, at *5 (E.D.N.Y.,2013). Accordingly, Plaintiffs are not foreclosed by *Res Judicata* from bringing the present action where all of the acts complained of transpired <u>after</u> the initiation of the first suit.

**D. The 2017 Allegations in the EEOC Complaint Could Not Have Been Pursued under the 2014 Complaint, Because Plaintiffs had not Exhausted their Remedies**

Because the allegations in the instant action are new, discrete actions, Plaintiffs were required to exhaust their remedies prior to bringing this Article VII action. *McDonald-Cuba v. Santa Fe Protective Services, Inc*., 644 F.3d at 1100.

There are also new allegations of gender discrimination in the 2018 Complaint, dealing with actions of defendants which post-date the 2014 Complaint, also contained in Plaintiffs' aforesaid affidavits. Plaintiffs asserted, in the 2018 Complaint, Title VII violations for discrimination and retaliation, alleging: limitation on opportunities for work; public harassment and humiliation; and telling co-workers to "not get involved" with them. Because any action on these Title VII causes of action require Plaintiffs to exhaust administrative remedies, they would not have been able to bring such claims in *Herdocia I* even if they had wanted to.

**E. The Stipulation of Dismissal by its Terms is Limited to "Claims and Defenses Asserted" in the Action and Does Not Foreclose a New Action Based on Other Claims.**

The Joint Stipulation of Dismissal with Prejudice signed on 5/11/2017 did not bar any factual allegation arising before 5/11/2017. Instead, the aforesaid Joint Stipulation only stated that the parties stipulated "that this action (*Herdocia I*) and all claims and defenses <u>asserted</u>

therein (my emphasis) be dismissed with prejudice." The Plaintiffs stipulated precisely. As Plaintiffs pointed out in the 2018 Complaint: they agreed only to dismissal of the claims and defenses actually asserted in the 2014 Complaint, not to claims that could have been, perhaps by the seeking of leave to amend the 2014 Complaint, asserted three years after the 2014 Complaint; i.e., Plaintiffs did not agree to dismissal of any potential, new discrete Complaint based upon new alleged facts which arose post-filing of the 2014 Complaint and continued years after the original Complaint was filed. If Defendants had wished to have the Stipulation cover new facts, they could have proposed such language, but they failed and avoided to do so. They could have required General Releases as of 5/11/2017 (the Stipulation date), a very standard practice if the intent was to bar all claims arising up to the Stipulation date, but did not do so: because there never was an intent to bar all such claims.

Indeed, Plaintiffs have asserted in the 2018 Complaint that Defendants' unlawful discriminatory conduct continued after the 2014 Complaint and continues to date. It would require a mis-reading of the Stipulation to say that the Defendants could engage in wrongful conduct post-2014 because Plaintiffs agreed to dismissal of their complaint covering actions up to 2014. Plaintiffs also never conceded that Defendants' conduct up to 2014 was lawful, only that Plaintiffs could not continue to pursue that prior Complaint. Plaintiffs never conceded that Defendants' subsequent conduct was acceptable.

Defendants' assertion that Plaintiffs' new Complaint lacks facts, is belied by the detailed date and event-suffused affidavits of Plaintiffs attached to the 2018 Complaint, which speak for themselves.

9

## II. PLAINTIFFS HAVE ADEQUATELY PLED CAUSES OF ACTION AGAINST LOCAL 1D

### A. Plaintiff's Complaint Against Local 1D was Timely.

Defendant Local 1D asserts that the instant action is barred by the six month statute of limitations applicable to a breach of the union's duty of fair representation. However, Plaintiffs herein have not made a claim pursuant to the LMRA, 29 U.S.C. § 185. Where, as here, the Complaint asserts claims against the union under Title VII, the prevailing statute of limitations is the three-year period provided by that statute.

It is well established that a duty of fair representation claim can fall within Title VII if a union allowed the breach to go unrepaired and Plaintiffs can show that the Union's actions were motivated by discriminatory animus. *Blaizin v. Caldor Store #38*, 1998 WL 420775, at *2 (S.D.N.Y.,1998); *Barbrocky v. Jewel Food Co. and Retail Meat Cutters Union, Local 320*, 773 F.2d 857, 868 (7th Cir. 1985).

Plaintiffs each filed a Charge of Discrimination against Local 1D on July 19, 2017, within six months of alleged discriminatory actions by the union: January 23, 2017 breach of Collective Bargaining Agreement regarding discipline (Herdocia Aff. at paras 24-27; Scott Aff. at paras 24-27); April 6, 2017 exclusion from meeting and public humiliation (Herdocia EEOC Aff. at paras 28-32; Scott EEOC Aff. at paras 28-32); April 13, 2017 exclusion from "toolbox meeting" (Herdocia Aff. at para. 33; Scott Aff. at para. 33); May 2017 exclusion from meeting and union disparagement of Plaintiffs at same meeting (Herdocia Aff. at paras 34-35; Scott Aff. at paras 34-35). This recitation of facts in the Complaint, along with the union head Cognetti stating that union representatives "should not get involved with [Plaintiffs]" evinces significant animus against Plaintiffs supporting their Article VII claim.

### B. Plaintiffs' State Law Claims are Not Preempted by the National Labor Relations Act.

Local 1D relies on the unreported case of *Hygom v. DiFazio Power & Elec., LLC* in support of its argument that NLRA preempts the NYSHRL. In *Hygom,* the District Court noted that "the Second Circuit has not addressed whether the NYSHRL is preempted by federal law." *Hygom v. DiFazio Power & Elec., LLC*, 2015 WL 1247986, at *4 (E.D.N.Y.,2015). This is no longer true. As stated by the Second Circuit in *Figueroa v. Foster*:

> There is no evidence that the NLRA's duty of fair representation was designed or intended to preempt state laws focused on combatting invidious discrimination, such as the NYSHRL. Instead, our independent review of the evidence leads us to the opposite conclusion based on the textual and structural relationships between the NLRA, Title VII, and the NYSHRL.
>
> * * *
>
> [NYSHRL and NLRA] each serves to reinforce the anti-discriminatory purpose of the other. This mutual service is not a conflict such that the duty of fair representation and the NYSHRL cannot be reconciled or consistently stand together. Instead, the two work in tandem to protect union members from invidious discrimination in all of its forms. (internal quotes omitted).

*Figueroa v. Foster*, 864 F.3d 222, 233, 235 (2nd Cir. 2017)

Accordingly, there is no preemption of Plaintiffs' NYSHRL claims in this action, and said claims having been adequately pled, Local 1D's motion must be denied.

### C. Plaintiffs have adequately Plead that Local 1D breached its Duty of Fair Representation.

A union has "a statutory duty fairly to represent all of th[e] employees [it represents], both in its collective bargaining ... and in its enforcement of the resulting collective bargaining agreement." *Vaca v. Sipes*, 87 S.Ct. 903, 909–10, 386 U.S. 171, 177 (1967). "The duty of fair representation is a statutory obligation under the NLRA, requiring a union to serve the interests of all members without hostility or discrimination, to exercise its discretion with complete good

faith and honesty, and to avoid arbitrary conduct." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2nd Cir. 2015) (citing *Vaca*, 386 U.S. at 177, 87 S.Ct. 903). "A union breaches its duty of fair representation if its actions with respect to a member are arbitrary, discriminatory, or taken in bad faith." *Fowlkes* at 388; see also *Figueroa v. Foster*, 864 F.3d 222, 229 (2nd Cir. 2017).

Here Plaintiffs have adequately plead a breach of the Duty of Fair Representation in that both Plaintiffs allege that Frank Cognetti, the head of the union, and Troy Golding, the shop steward acted to exclude Plaintiffs from meetings and blocked them from applying for jobs (Herdocia EEOC Aff. at paras 16-20; Scott EEOC Aff. at paras 16-20). As alleged in the complaint, these actions were taken in retaliation for Plaintiffs filing the *Herdocia I* complaint, with the union head Cognetti stating that the shop steward "should not get involved with [Plaintiffs] because we are in a sensitive situation." (*Id.* at para 19). These actions, taken by the union were discriminatory, taken in bad faith and arbitrary, evincing a breach of Local 1D's Duty of Fair Representation. This breach of Local 1D's duty caused Plaintiffs harm in that they were limited in access to work meetings, job opportunities and additional work.

## REQUEST FOR LEAVE TO AMEND

To the extent the Court concludes that Plaintiffs have not adequately stated a claim upon which relief may be granted, Plaintiffs respectfully reiterate their request for leave to amend their pleadings consistent with Federal Rule of Civil Procedure 15(a)(2). Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires"); see also *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) ("When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint.").

## CONCLUSION

For the reasons set forth herein, plaintiffs respectfully request that the Court deny defendants' motions to dismiss; alternatively, to allow Plaintiffs leave to amend the pleadings.

Dated: April 26, 2019
       Miller Place, NY

                                                                         /S/
                                          John Ray, Esq.
                                          RAY, MITEV & ASSOCIATES, LLP
                                          *Attorneys for Plaintiffs*
                                          122 N. Country Road
                                          P.O. Box 5440
                                          Miller Place, NY 11764
                                          (631) 473-1000
                                          john@raymitevlaw.com
                                          www.raymitevlaw.com