UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

TATIANA HERDOCIA and ENA SCOTT,

                      Plaintiff,

-against-

SOUTHERN WINE & SPIRITS OF AMERICA, INC.
and WINE, LIQUOR & DISTILLERY WORKERS
UNION, LOCAL 1D,

                      Defendants.

-----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 22 2014 ★

LONG ISLAND OFFICE

Civ. Action No.:

COMPLAINT

CV-14 3196

Jury Trial Demanded

HURLEY, J

LINDSAY, M

Plaintiffs, **TATIANA HERDOCIA** and **EDA SCOTT** by and through his attorneys, **THE SANTIAGO LAW FIRM, P.C.**, complain and allege as follows:

1. Plaintiffs, TATIANA HERDOCIA and EDA SCOTT (hereinafter collectively "Plaintiffs"), brings this action to recover declaratory, monetary and affirmative relief against **SOUTHERN WINE & SPIRITS OF AMERICA, INC.** (hereinafter "SOUTHERN") and against **WINE, LIQUOR & DISTILLERY WORKERS UNION, LOCAL 1D** (hereinafter "Local 1D") (hereinafter collectively "Defendants") for violations of the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d) et seq. (hereinafter "EPA"), the New York State Human Rights Law (hereinafter "NYSHRL"), and Section 194 of the New York State Labor Law (hereinafter "NYLL") and for violations of appropriate rules, regulations, statutes and ordinances.

### I.     PARTIES AND JURISDICTION

2. This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1337.

3. This court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

4. This court has power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

5. This action properly lies in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 because the unlawful employment practices alleged herein were committed in whole or in part within this district.

6. Plaintiff Tatiana Herdocia (hereinafter "Herdocia") is a resident of Nassau County in the State of New York.

7. Plaintiff Ena Scott (hereinafter "Scott") is a resident of Suffolk County in the State of New York.

8. At all times relevant to the Complaint, Plaintiff Herdocia has been an "employee" within the meaning of the EPA, the NYSHRL and the NYLL, and a "person" within the meaning of Section 292(1) of the NYSHRL.

9. At all times relevant to the Complaint, Plaintiff Scott has been an "employee" within the meaning of the EPA, the NYSHRL and the NYLL, and a "person" within the meaning of Section 292(1) of the NYSHRL.

10. Upon information and belief, defendant SOUTHERN is a foreign corporation existing under the laws of the State of Florida.

11. Upon information and belief, SOUTHERN is a wine and spirits distributor operating in thirty-five (35) states with its principal place of business located at 1600 NW 163rd Street, Miami, Florida 33169. SOUTHERN maintains a New York local office at 313 Underhill Blvd., Syosset, NY 11791.

12. At all times relevant to the Complaint, SOUTHERN has been an "employer" within the meaning of the EPA, the NYSHRL and the NYLL, and at all relevant times has employed more than fifty employees.

13. Defendant Local 1D is an unincorporated association within the meaning of New York General Associations Law and a labor organization within the meaning of New York Labor Law and the LMRA, and maintains offices located at 8402 18th Avenue, Brooklyn, NY 11214.

14. Local 1D is the duly recognized and bargaining agent of employees, including Plaintiffs, within the bargaining unit defined by the applicable collective bargaining agreement (hereinafter "CBA") existing between SOUTHERN and Local 1D.

15. During all relevant times herein, Plaintiffs were employees of SOUTHERN within the aforementioned bargaining unit and a dues-paying member of Local 1D.

## II. STATEMENT OF FACTS

16. Plaintiff repeats and realleges all foregoing paragraphs.

17. Plaintiffs are both females.

18. In or around January 2008, Plaintiff Herdocia began her employment with SOUTHERN as an *inventory control clerk - warehouse*.

19. Throughout her employment, Herdocia performed her job in a satisfactory manner.

20. In or around January 2008, Plaintiff Scott began her employment with SOUTHERN as a *inventory control clerk - warehouse*.

21. Throughout her employment, Scott performed her job in a satisfactory manner.

22. At the beginning of their employment, Plaintiffs were not members of a union or subject to any collective bargaining agreement.

23. At this time, Plaintiffs were the only female employees working in the warehouse at SOUTHERN.

24. In or around November 2008, the members of Plaintiffs' department submitted paperwork to join Local 1-D as their job duties were substantially similar to those performed by male union members at SOUTHERN, that is, the members of plaintiffs' department worked in the warehouse checking product and operated heavy machinery on a daily basis as part of their job duties.

25. In or around December 2008, Plaintiffs officially became union members. At that time, union shop steward Ronald Riordan informed plaintiffs that they were classified as Local 1D "warehouse clerical," a category not in the CBA at that time.

26. Upon information and belief, Local 1-D negotiated with SHOUTHERN on behalf of Plaintiffs the terms and condition of their employment, including but not limited to their rate of pay.

27. Upon information and belief, the rate of pay negotiated between Local 1-D and SOUTHERN was less than male coworkers and union members that performed job duties substantially similar to Plaintiffs.

28. In or around November 2009, Plaintiffs' department requested to work the guaranteed two and a half (2.5) hour weekly overtime given to male warehouse union workers. They were informed by their Shop Steward, Riordan that said overtime did not apply to Plaintiffs' department because they were "clerical."

29. In or around November 2009, Plaintiffs' department inquired about top pay but were informed by their Shop Steward, Riordan, than top pay did not apply to Plaintiffs' department because they were "clerical."

30. In or around April 20, 2011, Plaintiffs inquired of Local 1-D official Frank Cognetta why Plaintiffs were getting a rate of pay similar to male warehouse workers that performed

4

similar job functions. Cognetta replied that Plaintiff could not receive similar pay as they did not check the products on the truck on the dock, but that Plaintiffs could receive a pay increase if they drove heavy machines. Plaintiffs responded that they did check products and operate heavy machines and were certified to do so; however, their rate of pay was never adjusted to that of their similarly situated male coworkers.

31. Based on the foregoing, Defendants discriminated against Plaintiffs because of their sex by negotiating for and paying Plaintiffs less than male coworkers performing substantially the same work.

## AS AND FOR A FIRST CAUSE OF ACTION
(Equal Pay Act of 1963)

32. Plaintiffs incorporate by reference and repeat and re-allege each and every allegation as if more fully set forth herein.

33. Plaintiffs were both female.

34. Plaintiffs were each an "eligible employee" for purposes of the EPA.

35. Defendants are an "employer" for purposes of the EPA

36. Defendant used sex as a determining factor for pay.

37. By committing the above sex-based differential pay practices, Defendant has violated the Equal Pay Act of 1963.

38. Defendant's conduct was willful.

39. Plaintiff is entitled to such relief as the Court deems appropriate, including liquidated damages, costs and attorneys' fees.

## AS AND FOR A SECOND CAUSE OF ACTION
(Sex Discrimination – NYSHRL)

5

40. Plaintiffs incorporate by reference and repeat and re-allege each and every allegation as if more fully set forth herein.

41. Plaintiff were both females.

42. Plaintiffs were each an "eligible employee" for purposes of the NYSHRL.

43. Defendants are an "employer" for purposes of the NYSHRL.

44. Defendant used sex as a determining factor for pay.

45. By committing the above sex-based differential pay practices, Defendant has violated the NYSHRL.

46. Defendant's conduct was willful.

47. Plaintiff is entitled to such relief as the Court deems appropriate, including liquidated damages, costs and attorneys' fees.

### AS AND FOR A THIRD CAUSE OF ACTION
(Pay Differential Because of Sex – NYLL § 194)

48. Plaintiffs incorporate by reference and repeat and re-allege each and every allegation as if more fully set forth herein.

49. Plaintiffs were both female.

50. Plaintiffs were each an "eligible employee" for purposes of the NYLL.

51. Defendants are an "employer" for purposes of the NYLL

52. Defendant used sex as a determining factor for pay.

53. By committing the above sex-based differential pay practices, Defendant has violated Section 194 of the New York State Labor Law.

54. Defendant's conduct was willful.

55. Plaintiff is entitled to such relief as the Court deems appropriate, including liquidated damages, costs and attorneys' fees.

## DEMAND FOR JURY TRIAL

56. Plaintiff repeats and realleges each and every allegation contained herein.

57. Plaintiff hereby demands a trial by jury.

**WHEREFORE**, as a result of the discriminatory conduct and actions of Defendant alleged herein, Plaintiffs demands judgment:

   a. Declaring that the acts and practices complained of herein are in violation of the Equal Pay Act of 1963, the NYSHRL, and the NYLL;

   b. Awarding Plaintiffs back pay, front pay, and all benefits which would have been afforded Plaintiffs but for said discrimination and retaliation;

   c. Awarding Plaintiffs compensatory damages and damages for mental anguish and emotional distress under the Equal Pay Act, the NYSHRL, and the NYLL;

   d. Awarding Plaintiffs reasonable attorneys' fees under the the Equal Pay Act, the NYSHRL, and the NYLL;

   e. Awarding Plaintiffs liquidated back pay damages under the Equal Pay Act of 1963;

   f. Awarding Plaintiffs punitive damages under the NYSHRL;

   g. Awarding Plaintiffs pre and post judgment interest on all Claims for Relief;

   h. Issuing a permanent injunction enjoining Defendants, their agents, employees, officers, and successors in interest, and those acting in concert with Defendant from engaging in the illegal and unlawful customs, policies, and practices described herein;

   i. Awarding Plaintiffs the costs and disbursements of this action, including expert fees and disbursements.

Dated: Hauppauge, New York
       May 8, 2014

                                  **THE SANTIAGO LAW FIRM, P.C.**
                                  *Attorneys for Plaintiff*

By:    */s/ Jose G. Santiago*
                                  Jose G. Santiago (JS 9430)
                                  Brendan T. McVey (BM 7090)
                                  201 Moreland Road, Suite 10
                                  Hauppauge, New York 11788
                                  (631) 240-4355
                                  jose@santiagolawfirm.com