Keith R. Thorell, *pro hac vice*
**KORSHAK, KRACOFF, KONG & SUGANO, LLP**
1640 S. Sepulveda Blvd., Suite 520
Los Angeles, CA 90025
310-996-2340
310-996-2334 Fax

Anjanette Cabrera
Constangy, Brooks, Smith & Prophete, LLP
620 Eighth Avenue, 38th Floor
New York, New York 10018
(646) 341-6536
(646) 341-6543 Fax
*Attorneys for Defendant Southern Glazer's Wine and Spirits, LLC*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TATIANA HERDOCIA and ENA SCOTT,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTHERN GLAZER'S WINE & SPIRITS f/k/a SOUTHERN WINE & SPIRITS OF AMERICA, INC. and WINE, LIQUOR & DISTILLERY WORKERS UNION, LOCAL 1-D,<br><br>Defendants. | CASE NO.: CV-18 5284 JMA ARL<br><br>**DEFENDANT SOUTHERN GLAZER'S WINE AND SPIRITS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br>**Fed R. Civ. P. 12(b)(6)** |

I.       INTRODUCTION.

Plaintiffs' Opposition fails to point to even a single allegation supporting the current complaint that took place after May 22, 2017 when the dismissal with prejudice of the Original Action was entered by this Court.  This forecloses Plaintiffs' lawsuit.

None of the arguments set forth in Plaintiffs' Opposition support maintaining the current lawsuit.  Plaintiffs' Opposition claims that the facts set forth in the current lawsuit were not asserted in the prior one.  This ignores Plaintiffs' representation to the Court in the Original Action that the allegation that defendants failed to give plaintiffs the same overtime opportunities as the men in the warehouse is clearly pled in the complaint.  These claims were ***actually litigated*** in the first lawsuit.  *Res Judicata* bars litigating the same allegations again here.

Plaintiffs' Opposition also claims that the allegations in the current lawsuit could not have been raised previously because Plaintiffs had failed to exhaust their administrative remedies as to those claims.  Yet, the Second Circuit is clear that a dismissal with prejudice explicitly bars a subsequent case even where the allegations in the original case had not been administratively exhausted while the claims in the subsequent case were.  Of course, Plaintiffs had no need to file with the EEOC before bringing their discrimination claims in the Original Action as they asserted state law, rather than federal, discrimination claims.

Finally, Plaintiffs' argument that their stipulation of dismissal limited its preclusive effect is not supported by a single case.  That the parties did not sign general releases means nothing.  Plaintiffs dismissed their original sex discrimination with prejudice and now try to bring the same sex discrimination case.  The law is clear that they cannot.

Plaintiffs actually litigated the claims that underpin the current case.  Moreover, Plaintiffs cannot simply take the same facts that supported their Original Action and repackage them under a new retaliation theory and survive *res judicata*.  As such, this Court should grant Defendant Southern Glazer's Wine and Spirits' ("SGWS") Motion to Dismiss.

II.　　ARGUMENT AND AUTHORITIES.

　　A.　　Plaintiff's Dismissal with Prejudice Precludes the Instant Lawsuit.

Plaintiffs' Opposition reflects a fundamental misunderstanding of the effect of their dismissal with prejudice. Repeatedly in the Opposition, Plaintiffs attempt to avoid the fact that *every single one* of the allegations contained in their current lawsuit took place prior to their dismissal with prejudice and were either explicitly litigated in that case or could have been. For instance, Plaintiffs repeat the sentences "These allegations post-date the actions of Defendants which led to the 2014 Complaint. They are new allegations of retaliation not covered by the 2014 Complaint." (Opposition, p.5 and p.6 (second sentence revised to say "allegations of discrimination" on p.6).) Plaintiffs seem to believe that because their allegations took place after filing their original complaint, they cannot be covered by the previous lawsuit. This ignores that Plaintiffs actually litigated these claims in the previous lawsuit.

This Court held two pre-motion conferences in the Original Action when SGWS sought to file a motion for summary judgment. See Case No. 14-cv-03196-JMA-ARL ("Original Action"). In their letter opposing SGWS's request to hold the conference, Plaintiffs explicitly stated: "The allegation that defendants failed to give plaintiffs the same overtime opportunities as the men in the warehouse is clearly plead in the complaint." (See Original Action, Document 18, p.1.) At the initial pre-motion conference, Plaintiffs sought production from SGWS of records indicating the amount of overtime worked by warehouse workers including plaintiffs for the years 2010 through the date of the pre-motion conference. The Court asked SGWS to produce the records and in January 2017, SGWS turned over records indicating the amount of overtime worked by males and females in the warehouse from 2010 to the date in early 2017 when the records were turned over.

The Court then held a second pre-motion conference following disclosure of the overtime records. At the pre-motion conference, the parties discussed that Plaintiff Scott worked more than 715 hours of overtime in 2016. The Court then allowed SGWS to proceed with its summary judgment motion. SGWS served the motion on Plaintiffs. Plaintiffs never opposed

3

and instead dismissed the action with prejudice. There can be no question that the allegations of discriminatory opportunities for overtime were actually litigated in the Original Action.

That Plaintiffs did not include these allegations in their Original Complaint makes no difference. Plaintiffs actually litigated those claims before the Court at the two pre-motion conferences and in their response to SGWS's pre-motion conference letter. (See Original Action, Document 18, p.1.) Of course, their Original Complaint could not contain allegations of events that had yet to occur but that did not stop them from litigating those exact claims before the Court.

Even if Plaintiffs had not actually litigated these exact claims in the previous action, their dismissal with prejudice still requires dismissal of this action. "Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were **or could have been raised in that action**." Allen v. McCurry, 449 U.S. 90, 94, 101 S. Ct. 411, 414, 66 L. Ed. 2d 308 (1980) (emphasis added). "A dismissal with prejudice is *res judicata* not only as to the matters actually litigated in the previous action, 'but as to all relevant issues which **could have been but were not raised and litigated in the suit**.'" Samuels v. N. Telecom, Inc., 942 F.2d 834, 836 (2d Cir. 1991) (emphasis added). All of the facts that Plaintiffs claim support the allegations that are in bullet points in their Opposition occurred prior to May 22, 2017 when the dismissal with prejudice was entered. (See, Opposition pp.5-6.) All of the claims "could have been raised in that action." Allen, 449 U.S. at 94. Thus, even if Plaintiffs did not actually litigated these claims in the previous action, they cannot litigate them now because they are based on the same nucleus of facts raised or which could have been raised in that action. Accordingly, this Court must grant SGWS's motion to dismiss as *res judicata* bars all of Plaintiffs' claims.

B. Res Judicata Bars Claims Based on the Same Transactions.

Plaintiffs' authorities confirm that *res judicata* bars the instant case. Plaintiffs cite a case agreeing that a judgment on the merits "precludes the parties or their privies from relitigating issues that were or could have been raised in that action." (See Opposition at p.7

4

citing Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S. Ct. 2424, 2428, 69 L.Ed.2d 103 (1981).) This is precisely SGWS's point. Since Plaintiffs actually litigated these same allegations in the previous action or could have, their dismissal with prejudice bars the instant suit.

Similarly, Plaintiffs state that a second case is barred where it "requires the same evidence to support it and is based on facts that were also present in the first." (See Opposition at p. 7 (citing Maharaj v. Bankamerica Corp., 128 F.3d 94, 97, (2d Cir. 1997).) Plaintiffs' allegations of discriminatory allocation overtime require the same evidence that the Court ordered SGWS to produce and which SGWS did produce following the first pre-motion conference in the Original Action. Those facts were also clearly present in the first case as Plaintiffs wrote to the Court, "The allegation that defendants failed to give plaintiffs the same overtime opportunities as the men in the warehouse is clearly plead in the complaint." (See Original Action, Document 18, p.1.) As such, Plaintiffs citation of Maharaj simply confirms that their dismissal with prejudice precludes the current case.

Plaintiffs attempt to use Maharaj to claim that facts not pled in a first action do not preclude use of such facts in a second. Maharaj does not support Plaintiffs claims.

In Maharaj, the Court held that an action for breach of an employment agreement did not preclude a subsequent action for breach of a stockholders' agreement and failing to give notice of the dissolution of a corporation. See Maharaj, 128 F.3d at 96. One need only look at the disparate claims involved—an employment claim followed by a later corporate dissolution which had not even taken place at the time the employment claim was filed—to confirm that the first action could not preclude the second. The claims in that case lie in stark contrast to the claims in this one. Here, all of the allegations in the Original Action and the current one are employment claims alleging discrimination and retaliation. These are not disparate matters involving an individual capacity and a corporate one. Rather, these are the same allegations of discrimination supported by the same facts ***actually litigated*** in the first case. As such, Maharaj has no application to this case.

5

C.      Plaintiffs Actually Litigated these Claims in the Original Action.

Plaintiffs also claim that Maharaj stands for the proposition that there is no preclusive effect because they did not need to amend their pleadings in their previous case to aver the allegations contained in the current one. Plaintiffs' citation again misses the mark.

Plaintiffs ***actually litigated*** their current claims in the Original Action. Plaintiffs submitted a letter to the Court stating, "The allegation that defendants failed to give plaintiffs the same overtime opportunities as the men in the warehouse is clearly plead in the complaint." (See Original Action, Document 18, p.1.) Plaintiffs had no need to supplement their pleadings; they represented to the Court that the claims were actually pled in the Original Complaint. Why amend a complaint that already contains the allegations? Moreover, Plaintiffs forced further discovery and disclosure of overtime hours for all of the warehouse workers based on the allegation that "defendants failed to give plaintiffs the same overtime opportunities as the men in the warehouse" that Plaintiffs asserted was "clearly plead in the complaint." (Id.) The notion that Maharaj allows Plaintiffs to maintain the current case because they failed to amend their Complaint in the Original Action to reflect these allegations is absurd. They failed to amend that complaint precisely because they believed the allegations were part of that complaint. They explicitly represented that to the Court! Plaintiffs' current case must be precluded because the same claims were part of the Original Action.

Moreover, "[W]hatever legal theory is advanced, when the factual predicate upon which claims are based are substantially identical, the claims are deemed to be duplicative for purposes of *res judicata*. In sum, new legal theories do not amount to a new cause of action as to defeat *res judicata*." Waldman v. Vill. of Kiryas Joel, 39 F. Supp. 2d 370, 377 (S.D.N.Y. 1999), aff'd, 207 F.3d 105 (2d Cir. 2000). Here, the factual predicate behind the claims in each lawsuit are exactly duplicative. Although Plaintiff adds a cause of action for retaliation in the Current Complaint, the "factual predicate" underlying that claim is "substantially identical:" "Not allowed to work overtime because we're female and filed a discrimination claim against them." (Current Complaint, p.4 at III.D.) It seems the "strategic reasons" behind the dismissal with

6

prejudice were simply a desire to avoid summary judgment and relabel their sex discrimination claim (in which they alleged disparate allocation of overtime opportunity) as a retaliation claim (in which they allege disparate allocation of overtime opportunity). But, "whatever legal theory is advanced . . . the claims are deemed duplicative for purposes of *res judicata*." Waldman, 39 F. Supp. 2d at 377. Plaintiffs cannot avoid *res judicata* simply by slapping a new title—retaliation—on the same allegations of unfair allocation of overtime. Their own Complaint confirms that they base their retaliation claim on the same "not allowed to work overtime" allegation that premised their sex discrimination claim in the Original Action. (See Current Complaint, p.4 at III.D.)

Plaintiffs claim that SGWS "could have required General Releases as of 5/11/2017." (See Opposition, p.9.) This entirely misses the point. Whether the parties could have entered into General Releases or not is immaterial. Plaintiffs ***actually*** dismissed the case ***with prejudice***. While a general release might operate to bar any possible claim Plaintiffs could have asserted against SGWS, their dismissal with prejudice operates to bar any claim that was actually litigated or could have been litigated in the Original Action. That includes the entirety of the current case which relies only upon allegations that took place prior to the previous dismissal and contains the same employment-based causes of action as that case. This is not Maharaj where the original case concerned employment claims and the later case corporate causes of action. Instead, the Original Action here concerned sex discrimination and this case concerns sex discrimination. The same facts claimed to support sex discrimination in the Original Action are now claimed to support retaliation. Plaintiffs have both attempted to relitigate the same case and attempted to repackage the same allegations under a new legal theory which the court in Waldman held cannot avoid *res judicata*. The law clearly precludes Plaintiffs' current action.

D.  That Plaintiffs Did Not Exhaust Administrative Remedies in the Original Action Does Not Alter the Preclusive Effect of their Dismissal.

Plaintiffs' Opposition claims that they could not have pursued their current allegations in the Original Action because they were required to exhaust administrative remedies prior to bringing this case. (See Opposition, p.8 ("Plaintiffs were required to exhaust their remedies prior to bringing this Article [*sic*] VII action.").) This makes no sense.

Plaintiffs had no need to exhaust their remedies in the Original Action because Plaintiffs' discrimination claims in that case were based on state law, not Title VII. Plaintiffs sued for "Sex Discrimination" under the New York State Human Rights Law. That statute makes it illegal for an employer to discriminate on the basis of sex and to retaliate against any individual for filing a complaint or opposing an unlawful practice. Plaintiffs did not need to complain to the EEOC before filing such a claim because it was a state law claim.

Even if Plaintiffs were required to exhaust their administrative remedies and failed to do so, their Original Action still bars the current case. The Second Circuit has upheld a dismissal based on *res judicata* based on the exact same circumstances. In Samuels v. N. Telecom, Inc., 942 F.2d 834 (2nd Cir. 1991), the plaintiff brought an action under Title VII without first exhausting his administrative remedies. Realizing the error, that plaintiff dismissed the action with prejudice. Subsequently the plaintiff exhausted his administrative remedies and brought a new action. The Second Circuit held that the previous dismissal with prejudice barred the subsequent suit even though the plaintiff did not have a viable Title VII claim in the first action because he had not exhausted his administrative remedies. "To be sure, a dismissal *with prejudice* was a risky choice if future litigation was contemplated, since it would wipe out all claims that *could* have been asserted in the dismissed suit." Id. at 837 (emphasis in original). Under Samuels, even if the state law claims in Plaintiffs' Original Action were defective for failing to exhaust administrative remedies, their dismissal with prejudice precludes raising the same allegations in a subsequent suit. Plaintiffs' claims in the Opposition to the contrary simply

ignore the law.  <u>Samuels</u> bars raising the same allegations in this lawsuit regardless of whether Plaintiffs properly exhausted their administrative remedies previously.

   III.   <u>CONCLUSION</u>.

Nothing in the Opposition saves Plaintiff's current lawsuit.  Plaintiff originally asserted a case for sex discrimination based on allegations that SGWS unfairly allocated overtime to male employees at their expense.  Having dismissed that case ***with prejudice***, Plaintiffs now bring another lawsuit for the exact same thing.  The law prevents Plaintiffs' shenanigans.

Similarly, Plaintiffs cannot take the same allegations that they actually litigated in the first case and attach a new label (retaliation) to revive their case.  Again, the law prevents it.  For all of the foregoing reasons, this Court should dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated:  May 10, 2019                    Respectfully Submitted,

                               /s/ Keith R. Thorell
                               Keith R. Thorell, *pro hac vice*
                               KORSHAK, KRACOFF, KONG & SUGANO, LLP
                               1640 S. Sepulveda Blvd., Suite 520
                               Los Angeles, CA  90025
                               (310) 996-2340
                               Keith@kkks.com

                               Anjanette Cabrera
                               Constangy, Brooks, Smith & Prophete, LLP
                               620 Eighth Avenue, 38th Floor
                               New York, New York 10018
                               (646) 341-6536
                               acabrera@constangy.com
                               *Attorneys for Defendant*
                               *Southern Glazer's Wine and Spirits, LLC*