UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TATIANA HERDOCIA and ENA SCOTT,

                                                **Plaintiffs,**       AMENDED COMPLAINT
                                                            FOR EMPLOYMENT
                                                            DISCRIMINATION:
       *- against -*                                    RETALIATION

SOUTHERN GLAZER'S WINE & SPIRITS,       18-cv-5284 (JMA)(ARL)
f/k/a SOUTHERN WINE & SPIRITS OF
AMERICA, INC., and WINE, LIQUOR &         Jury Trial: Yes
DISTILLERY WORKERS UNION, LOCAL 1D,

                                              **Defendants.**
-----------------------------------------------------------------X

Plaintiffs, by their attorneys Ray, Mitev & Associates, LLP, hereby complain against Defendants as follows:

## PARTIES

1.    At all times, Plaintiff Tatiana Herdocia is over 18 years of age, and is a resident of 153 East Milton St., Freeport, Nassau County, NY 11520. Plaintiff is female gender.

2.    At all times, Plaintiff Ena Scott is over 18 years of age, and is a resident of 22 Arlington Ave., St. James, Suffolk County, NY 11780. Plaintiff is female gender.

3.    Upon information and belief, at all times Defendant Southern Glazer's Wine and Spirits ("Southern Glazer's") is a business entity, and domestic or foreign corporation or LLC, doing business in and with offices and warehouses located at 313 Underhill Blvd, Syosset, NY 11791.

4.    Upon information and belief, at all times Defendant Wine, Liquors and Distillery Workers Union Local 1D ("Union") is a labor union and domestic or foreign corporation or LLC, with offices in and conducting business in 8402 18th Ave., Brooklyn, NY 11214, and 313 Underhill Blvd, Syosset, NY 11791.

1

## PLACE OF EMPLOYMENT

5. At all times, Plaintiffs were employed by Defendant Southern Glazer's at 313 Underhill Blvd, Syosset, NY 11791.

6. At all time, Plaintiffs were and are members of Defendant Union while employed by Defendant Southern Glazer's in the Defendant Southern Glazer's place of employment at 313 Underhill Blvd, Syosset, NY 11791.

## BASIS FOR JURISDICTION

7. Jurisdiction is based upon Title VII of the Civil Rights Act of 1964, codified as 42 USC §§ 2000-e to and including 2000e-17, insofar as Plaintiffs allege unlawful discrimination, in particular that Defendants retaliated against Plaintiffs for Plaintiffs having filed a Title VII lawsuit with pendent causes of action under The Equal Pay Act, Human Rights Law and NYS Labor Law.

8. Jurisdiction as to retaliation under the NYS Human Rights Law is alleged.

9. Exhaustion of federal administrative remedies has occurred, and a Right to Sue letter was received on July 2, 2018.

## STATEMENT OF CLAIM

10. Plaintiffs worked for Defendant Southern Glazer's until July 2016 as Inventory Control Clerks. Plaintiffs filed a summons and complaint alleging, *inter alia*, gender discrimination against Defendants in 2014, in federal court. Plaintiffs were at all times supposed to have had their best interests and rights as union members protected by the union, in their employment.

11. Because Plaintiffs filed and pursued the said complaint, the Defendants retaliated against Plaintiffs in Plaintiffs' employment, between July 2016 and continuing to date as follows.

12. In July 2016, Defendant Southern Glazer's changed Defendants' job title from "Inventory Control Clerk" to "Cycle Counters." Said change entailed new duties and conditions of

2

employment. Plaintiffs were moved out of the clerical work and entirely into warehouse work. Plaintiffs had been performing warehouse work as Inventory Control Clerks, but the physical warehouse work as Inventory Control Clerks took place substantially less time, and the clerical work had been the substantial work of Plaintiffs. But Plaintiffs were not compensated for the more onerous physical work equally with the compensation paid to male warehousemen and checkers. Such work included using an RF gun, cherry picker or bendi, confirming inventory, relocating cases and bottles, checking inventory on the dock, and general use of the cherry picker and RF gun. The clerical paper work of Plaintiffs was taken away from them, and instead the physical warehouse work was substantially increased. These were significant new physical activities, and Plaintiffs were expected to conform with new uniform rules, e.g., mandatory steel toe safety shoes, high visibility vests, gloves, safety harnesses. These aforesaid new duties and conditions were not part of the duties of Inventory Control Clerk. They were the same or similar duties and conditions appertaining to male Machine Operators or Checkers who were treated and compensated differently and more lucratively than Cycle Counters or Inventory Control Clerks. But Plaintiffs were compensated at lower rates than male Machine Operators and Checkers. Indeed, the collective bargaining agreement has no provision for "Cycle Counters."

13. When Plaintiffs requested of Defendant Southern Glazer's on August 16, 2016 that they be classified and compensated as Machine Operators or Checkers, this was refused by Defendant Southern Glazer's. These aforesaid acts by the employer were done to Plaintiffs in retaliation for Plaintiffs' 2014 federal Complaint. Concomitantly, the Union officials and representatives refused to communicate with Plaintiffs when Plaintiffs attempted to communicate with them regarding any matters, including representing Plaintiffs as to the employer's change of Plaintiffs' job duties and titles, and the employer's refusal to classify and compensate Plaintiffs accordingly. Defendant

3

Union failed and refused to speak with or communicate with Plaintiffs and refused to provide Plaintiffs with essential information such as the entry into and publication of a new contract. Defendant Union ostracized Plaintiffs in retaliation for Plaintiffs' aforesaid federal complaint. Because of the Defendant Union's ostracism of Plaintiffs, Plaintiffs were unable to achieve any change in the aforesaid job title and commensurate increased compensation status, without Union assistance, which was denied to Plaintiffs in retaliation for Plaintiffs' filing of the said Complaint and for Plaintiffs having complained of discrimination against them.

14. Plaintiffs lost pay and benefits accordingly; e.g., fellow warehousepersons worked and were paid for five extra work hours (total 40 hours) per week. Plaintiffs were limited to 35 hours per week of work. Plaintiffs also ought to have been given pay increases such that by November 2016 Plaintiffs would have been earning, for warehouse work, $35.38 per hour, but instead were earning only $25.89 per hour, because of Defendants' retaliation. Currently, Plaintiffs would be earning $37.38 per hour, but Plaintiffs are earning only $29.64 per hour. The aforesaid warehouseman/checkers rates are contractual. There is no provision in the contract for Cycle Counters.

15. When Plaintiffs complained about the aforesaid disparities to Defendant Southern Glazer's in October 2017, Defendant Southern Glazer's HR failed and refused to investigate the matter and to communicate with Plaintiffs. Plaintiffs filed a grievance accordingly. Contrary to the contractual procedures contained in the collective bargaining agreement, the Defendant Union failed and refused to pursue Plaintiffs' grievance, out of retaliation against Plaintiffs for Plaintiffs having filed the federal complaint. Plaintiffs' grievance rights having been ignored, Plaintiffs were unable to pursue said grievance and obtain the fruits thereof. Had they been allowed to do so, the Plaintiffs

indubitably would have been favorably treated, and would have received the benefit of equal pay and more hours (40) of employment.

16. Plaintiffs were thereafter, on January 6, 2017, arbitrarily and capriciously reprimanded by Defendant Southern Glazer's for riding together in a cherry picker when there was a shortage of machines, an accepted practice, when other male warehousepersons repeatedly did so without any reprimand. The reprimand was in retaliation for Plaintiffs having filed the federal Complaint.

17. In 2017, Plaintiffs were invited by the Safety Director to join the Safety Committee, which Plaintiffs did. At the Committee's meeting, Defendant Southern Glazer's vice president espied Plaintiffs there, and humiliatingly evicted Plaintiffs in the presence of the members. This was in retaliation for Plaintiffs having filed the federal Complaint.

18. In or about 2017, Defendant Southern Glazer's built a male locker room for the warehouse men to change clothes. When Plaintiffs were at first given permission to install a window cover in a back office behind which Plaintiffs could also change clothes, Defendant Southern Glazer's vice president removed it. No other construct was created or permitted by Defendant Southern Glazer's for Plaintiffs to change clothes. These acts were done in retaliation for Plaintiffs having filed the federal complaint.

19. In May/June 2018, Plaintiff Herdocia was wrongly given a written reprimand for having been absent when she went to her Lupus doctor, for which Plaintiff had provided Defendant Southern Glazer's with a doctor's note. This was done by Defendant Southern Glazer's in retaliation for Plaintiff Herdocia having filed the federal Complaint.

20. The aforesaid acts of Defendants evince a pattern of retaliation acts undertaken against Plaintiffs because they had filed the federal Complaint and opposed Plaintiffs' sex discrimination. Defendants Southern Glazer's and the Union colluded and cooperated with one another to retaliate

against Plaintiffs. Defendant Union effectively and in fact acted as the employer's agent. Plaintiffs have suffered real, substantial harm and loss as a result: for example, lost wages, lost wage increases, lost benefits, formal disciplinary actions whereby Plaintiffs' personnel files are burdened with write-ups, humiliation, substantially altered conditions of employment, loss of proper Union representation as to Plaintiffs' rights, amongst other harms to Plaintiffs. Plaintiffs assert that these bad acts by Defendants are in violation of the Plaintiffs' legal protection afforded by Title VII, and NYS Human Rights Law, in that these acts were done in retaliation for Plaintiffs having brought against Defendants the aforesaid federal lawsuit. The retaliation is ongoing.

## FIRST CAUSE OF ACTION FOR RETALIATION: TITLE VII

21. Plaintiffs repeat the allegations in paragraphs 1-20.

22. Plaintiff Herdocia became employed by Defendant Southern Glazer's since in or around January 2008, as a Warehouse Inventory Control Clerk.

23. Plaintiff Scott became employed by Defendant Southern Glazer's since in or around January 2008, as a Warehouse Inventory Control Clerk.

24. Plaintiff Herdocia became a member of Defendant Union in or around December 2008.

25. Plaintiff Scott became a member of Defendant Union in or around February 2009.

26. Defendant Union is the bargaining agent of Defendant Southern Glazer's employees, including Plaintiffs, and is recognized as such in the collective bargaining agreement between Defendant Southern Glazer's and the Defendant Union.

27. Defendant Southern Glazer's is a wine and spirits distributor operating in 35 states, with its principal place of business located at 1600 NW 163rd Street, Miami, FL 33169, and with a local office and warehouse at 313 Underhill Blvd, Syosset, NY 11791.

28. On or about May 22, 2014, Plaintiffs filed a lawsuit in federal court alleging unlawful sex discrimination by Defendants, in violation of Title VII, under Case No. 14-cv-3196 (JMA)(ARL) in the federal Eastern District of New York.

29. From July 2016 to the present, Defendants have engaged in a pattern of acts of retaliation against Plaintiffs for Plaintiffs having filed said complaint, and for Plaintiffs having opposed the Defendants' sex discrimination, and have engaged in discrete acts of retaliation against Plaintiffs for Plaintiffs having filed said complaint and for Plaintiffs having opposed the Defendants' sex discrimination, in violation of 42 USC §§ 2000-e through 2000-e-17.

30. Such retaliatory acts include but are not limited to, the following:

   a. Plaintiffs were employed by Defendant Southern Glazer's as Inventory Control Clerks, until July 2016. In July 2016, Defendant Southern Glazer's changed Plaintiffs' titles to "Cycle Counters." Said change entailed removal from Plaintiffs of clerical duties, and addition of new, more difficult physical duties and conditions of employment, equivalent to the work being done by male Warehousemen and "Checkers."

   b. However, Plaintiffs were not compensated for the more onerous work equally with the compensation paid to male Warehousemen and Checkers, but instead were paid less per hour. In November 2016, Plaintiffs would have earned $35.38 per hour for warehouse work, but instead were earning only $25.89 per hour; currently, Plaintiffs would be earning $37.38 per hour, but are earning only $29.64 per hour. Plaintiffs were limited to 35 hours per week of work, whereas male Warehousemen and Checkers worked 40 hours per week, thereby earning substantially more than Plaintiffs, $186.90 more per week for said five additional hours.

7

c. Although the collective bargaining agreement lists the titles to be compensated, the title of "Cycle Counter" given to Plaintiffs was not contained in the said agreement. No amendment to said agreement has been made to include said title. This omission allowed and allows the employer to avoid having to pay Plaintiffs at the aforesaid rates and for the hours of employment as the male Warehousemen and Checkers. The omission was also an act of collusion by Defendants in retaliation as aforesaid.

d. When Plaintiffs requested of Defendant Southern Glazer's that they be classified and compensated as Machine Operators or Checkers insofar as Plaintiffs were performing the same tasks as Machine Operators or Checkers, Defendant Southern Glazer's refused this request.

e. Concomitantly, Defendant Union officials and representatives refused to communicate with Plaintiffs when Plaintiffs attempted to communicate with them regarding any matters, including representing Plaintiffs as to the employer's change of Plaintiffs' job duties and titles, and employer refused to classify and compensate Plaintiffs accordingly. This was done in collusion and connivance with Defendant employer.

f. Defendant Union officials failed and refused to speak or communicate with Plaintiffs and refused to provide Plaintiffs with essential employment information including the entry into and publication of a new collective bargaining agreement. This was done in collusion and connivance with Defendant employer.

g. Defendant Union's aforesaid ostracism of Plaintiffs prevented Plaintiffs from effecting any change in the aforesaid status and pay, without Union assistance. Defendant employer was in connivance with and colluded with Defendant Union in this regard.

h. Plaintiffs complained about the aforesaid disparities to Defendant Southern Glazer's in October 2017. Defendant Southern Glazer's HR failed and refused to investigate the matter and to communicate with Plaintiffs as to the matter.

i. Plaintiffs filed a grievance accordingly. Contrary to the contractual procedures contained in the collective bargaining agreement, Defendant Union failed and refused to pursue Plaintiffs' grievance. This was done with collusion and in connivance with Defendant employer. Plaintiffs' grievance rights having been ignored, Plaintiffs were unable to pursue said grievance and obtain the benefits thereof. Plaintiffs would have received said benefits including the title sought and increased pay and hours of employment, but for the aforesaid acts, and omissions of Defendants.

j. On January 6, 2017, Plaintiffs were arbitrarily and capriciously reprimanded in writing and copies of said reprimand were placed in Plaintiffs' personnel files by Defendant Southern Glazer's. They were reprimanded for riding together in a cherry picker when there was a shortage of machines, even though riding together in said machine was an accepted practice when there was a shortage of machines. Male Warehousemen and Checkers did so without any such reprimand. A reprimand in an employee's file, including Plaintiffs', does harm to the employee, including Plaintiffs, insofar as it becomes evidence against the employee in any disciplinary hearing or proceeding, or termination hearing or proceeding, and stands and is intended by Defendant employer to stand, as a threat to the employee were the employee, including Plaintiffs, to continue to pursue a complaint of unlawful discrimination and/or retaliation, as Plaintiffs have done.

k. In 2017, Plaintiffs attended an employer Safety Committee meeting upon invitation in the course of employment. In attendance were employees and Defendant Union officials and Defendant employer's agents. Defendant Southern Glazer's vice president, upon espying Plaintiffs there, halted the meeting and thereupon humiliatingly expelled Plaintiffs from the meeting. This act was designed to, and did, indicate to the Defendant Union and Plaintiffs' co-employees that ostracism of Plaintiffs which would render Plaintiffs' work conditions intractable at work, is encouraged.

l. In or about 2017, Defendant Southern Glazer's built a male locker room for the Warehousemen to change clothes. Upon Plaintiffs' request, Plaintiffs were at first given permission to install a window cover in a back office behind which Plaintiffs could also change clothes. But Defendant Southern Glazer's vice president intentionally deprived Plaintiffs of their privacy in changing clothes as females by peremptorily taking down the window cover. No other construct was created or permitted by Defendant Southern Glazer's for Plaintiffs to have privacy to change their clothes. The males' locker room remained.

m. In or about May/June 2018, Plaintiff Herdocia was wrongfully given a written reprimand for having been absent when she went to her Lupus doctor, for which she had provided Defendant Southern Glazer's with a doctor's note. This wrongful reprimand in Plaintiff Herdocia's file does harm to Plaintiff Herdocia insofar as it becomes evidence against Plaintiff in any disciplinary hearing or proceeding, or in a termination hearing or procedure, and stands and is intended by Defendant employer

to stand, as a threat to Plaintiff Herdocia were Plaintiff Herdocia to continue to pursue a complaint of unlawful discrimination and/or retaliation, as Plaintiff has done.

31. By reason of the foregoing, Plaintiffs have suffered damages and continue to do so and will continue to do so, and are entitled to payment by Defendants, in that:

   a. Plaintiffs have lost back pay since May 22, 2014, and continue to do so, for at least $300,000.00 each for a total of at least $600,000.00;

   b. Insofar as Defendants' actions are egregious and Plaintiffs' harm ongoing for 6 ½ years, Plaintiffs' harm should be compensated with front pay of a sum to be determined by the trier of fact, but not less than $150,000.00 each;

   c. Plaintiffs have lost the benefit to Plaintiffs' pensions of a percentage of the aforesaid sums, in an amount to be determined by the trier of fact, but not less than $100,000.00 each;

   d. Insofar as Defendants' actions are egregious, continuous, willful and intentional, Plaintiffs are entitled to punitive damages of at least $900,000.00 each;

   e. Plaintiffs have suffered emotional distress and harm, in the amount of $100,000.00 each.

32. By reason on the foregoing, Plaintiffs are entitled to permanent injunctive relief, enjoining Defendants from engaging in the aforesaid discriminatory conduct, and compelling Defendant Southern Glazer's to promote Plaintiffs to the title Warehouseperson with the commensurate pay and benefits.

33. By reason of the foregoing, and pursuant to 42 USC § 1985, Plaintiffs are entitled to attorneys' fees, costs and disbursements in a sum to be determined by the court.

## SECOND CAUSE OF ACTION FOR RETALIATION: NYS HUMAN RIGHTS LAW, ARTICLE 15 OF THE EXECUTIVE LAW OF NEW YORK § 290

34. Plaintiffs repeat paragraphs 1-33.

35. By reason of the foregoing, Defendants have violated NYS Human Rights Law, Article 15 of the Executive Law of New York § 290.

36. By reason of the foregoing, Plaintiffs are entitled to damages and attorneys' fees, costs and disbursements, for the reasons and in the amounts as set forth above.

**WHEREFORE**, Plaintiffs pray for judgment as follows:

a. On the first cause of action, for at least $300,000.00 for each Plaintiff for back pay and for such further sum as accrues and is due to date of judgment, and for front pay in a sum to be determined by the trier of fact but at least $150,000.00 for each Plaintiff, and for lost pension benefits and other benefits for a sum to be determined by the trier of fact, but not less than $100,000.00 for each Plaintiff, and for punitive damages of at least $900,000.00 for each Plaintiff, and $100,000.00 for each Plaintiff for emotional distress and harm, and for permanent injunctive relief enjoining Defendants from engaging in the aforesaid discriminatory conduct, and compelling Defendant Southern Glazer's to promote Plaintiffs to the title Warehouseperson with commensurate pay and benefits.

b. On the second cause of action, for at least $300,000.00 for each Plaintiff for back pay and for such further sum as accrues and is due to date of judgment, and for front pay in a sum to be determined by the trier of fact but at least $150,000.00 for each Plaintiff, and for lost pension benefits and other benefits for a sum to be determined by the trier of fact, but not less than $100,000.00 for each Plaintiff, and for punitive damages of at

least $900,000.00 for each Plaintiff, and $100,000.00 for each Plaintiff for emotional distress and harm, and for permanent injunctive relief enjoining Defendants from engaging in the aforesaid discriminatory conduct, and compelling Defendant Southern Glazer's to promote Plaintiffs to the title Warehouseperson with commensurate pay and benefits.

c. And as to each aforesaid cause of action, for attorneys' fees, costs and disbursements, and

d. For any other proper relief.

Dated: May 7, 2020
Miller Place, New York

_____
John Ray, Esq.
Ray, Mitev & Associates, LLP
*Attorney(s) for Plaintiff*
122 North Country Road
P. O. Box 5440
Miller Place, NY 11764
(631) 473-1000 (phone)
(631) 928-5385 (facsimile)
john@raymitevlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Case No.: 18-cv-5284      Year: 2018      Hon.: Joan M. Azrack

---

**TATIANA HERDOCIA and ENA SCOTT,**

                         Plaintiffs,

                  -against-

**SOUTHERN GLAZER'S WINE & SPIRITS,
f/k/a SOUTHERN WINE & SPIRITS OF
AMERICA, INC., and WINE, LIQUOR &
DISTILLERY WORKERS UNION, LOCAL 1D,**

                         Defendants.

---

**AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION: RETALIATION**

---

**RAY, MITEV & ASSOCIATES, LLP**
*Attorney(s) for Plaintiff*
122 North Country Road
P. O. Box 5440
Miller Place, New York 11764-1117
(631) 473-1000

---

To:
     Attorney(s) for Defendants

Certification (Rule 11)

..................................................
John Ray, Esq.
is hereby admitted.

---

Service of a copy of the within
Dated,

Attorney(s) for

Dated: May 7, 2020

..................................................
Yours, etc.,
**RAY, MITEV & ASSOCIATES, LLP**
*Attorneys for Plaintiff*
122 NORTH COUNTRY ROAD
P.O. BOX 5440
MILLER PLACE, NEW YORK 11764-1117
(631) 473-1000