LAW OFFICES

## KORSHAK, KRACOFF, KONG & SUGANO, L.L.P.

1640 SOUTH SEPULVEDA BOULEVARD, SUITE 520
LOS ANGELES, CALIFORNIA 90025
TELEPHONE (310) 996-2340
FAX (310) 996-2334
www.kkks.com

SACRAMENTO
CHICAGO
MIAMI

**VIA ECF**                                                               May 22, 2020
The Honorable Judge Joan M. Azrack
U.S. District Court—EDNY
100 Federal Plaza
Central Islip, New York  11722

> Re:   **Tatiana Herdocia _et al._ v. Southern Glazer's Wine & Spirits, fka Southern Wine &**
> **Spirits of America, Inc., _et al._**
> **Case No. 18-cv-05284 (JMA)(ARL)**
> **Pre-Motion Conference Letter**

Dear Judge Azrack,

Please accept this as Defendant Southern Glazer's Wine and Spirits of New York, LLC's ("SGWS")[1] pre-motion conference request pursuant to the Court's Individual Rule IV.B.  SGWS seeks to file a motion for dismissal under Fed. R. Civ. P. 12(b)(6).  This would be the second 12(b)(6) motion.  Judge Lindsay granted the first motion but provided Plaintiffs leave to amend as to a retaliation claim only.  (See Order, Doc. 25.)  The following sets forth the bases for the motion.

Plaintiffs' Amended Complaint simply repackages the allegations from the original suit they filed in 2014 and dismissed with prejudice in 2017 and styles them as "Retaliation" claims in an attempt to circumvent Judge Lindsay's order.  As Judge Lindsay held, "There is no question that the discrimination allegations are offshoots of the original pay disparity claim." (Order, Doc. 25 at 10.)  This applies with equal force to the Amended Complaint.  Paragraphs 12, 13, and 14 all allege the same facts as in their first case.  See Case No. 14-cv-03196-JMA-ARL ("Original Action").  Plaintiffs allege that they performed similar work as male employees in the warehouse "but were not compensated for the more onerous physical work equally with the compensation paid to male warehousemen and checkers." (Amended Complaint, Doc. 27 at ¶12.)  This is exactly the same claim of equal pay violation dismissed with prejudice in the Original Action.  It is precisely the same claim of discrimination Judge Lindsay

---

[1] Defendant Southern Glazer's Wine and Spirits of New York, LLC was incorrectly identified in the Complaint by its parent company, Southern Glazer's Wine and Spirits, LLC.

Judge Joan M. Azrack
May 22, 2020
Page 2

ruled barred by *res judicata*.  (See Order, Doc. 25 at 10.)  Moreover, Plaintiffs' Amended Complaint
explicitly admits that the allegations took place prior to the dismissal with prejudice in the Original
Action!  (Cf Amended Complaint at ¶12 ("In July 2016"); ¶13 ("on August 16, 2016); ¶14 ("by
November 2016"); Original Action Document 27 (case dismissed with prejudice on May 22, 2017).)
These are the same allegations, during the same timeframe, as the dismissed-with-prejudice Original
Action.  The sole difference is that Plaintiffs now label these as "retaliation" allegations rather than
discrimination or Equal Pay Act violations.

   "[W]hatever legal theory is advanced, when the factual predicate upon which claims are
based are substantially identical, the claims are deemed to be duplicative for purposes of *res judicata*. In
sum, new legal theories do not amount to a new cause of action as to defeat *res judicata*."  Waldman v.
Vill. of Kiryas Joel, 39 F. Supp. 2d 370, 377 (S.D.N.Y. 1999), aff'd, 207 F.3d 105 (2d Cir. 2000)
(internal citations omitted).  As Judge Lindsay has held already in this case, "To ascertain whether two
actions spring from the same 'transaction' or 'claim,' [courts] look to whether the underlying facts are
'related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether
their treatment as a unit conforms to the parties' expectations or business understanding or usage.'"
(Order, Doc. 25 at 9 (internal quotation marks and citations omitted).)  Here the underlying facts are
clearly "related in time, space, origin, or motivation."  They are the same facts previously litigated and
which Judge Lindsay held barred the discrimination cause of action Plaintiffs initially asserted in this
case.  Plaintiffs cannot simply re-label these allegations as "retaliation."  Under Waldman, "new legal
theories do not amount to a new cause of action as to defeat *res judicata*."  Waldman, 39 F. Supp. 2d at
377.

   The remaining claims in the Amended Complaint fail to allege actionable retaliation.  As
Judge Lindsay held, "an adverse employment action [must be] a materially adverse change in the terms
and conditions of employment."  (Order, Doc. 25 at 11 (citing Mathirampuzha v. Potter, 548 F.3d 70, 78
(2d Cir. 2008).)  "Examples of materially adverse employment actions include 'termination of
employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material

Judge Joan M. Azrack
May 22, 2020
Page 3

loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation.'"  (Order, Doc. 25 at 11-12 (citing <u>Feingold v. New York</u>, 366 F.3d 138, 152 (2d Cir. 2004)).)  Paragraphs 16 and 17 allege incidents Judge Lindsay *already held do not properly allege retaliation*.  (<u>See</u> Order, Doc. 25 at 12 (numbered paragraphs 2 and 3).)  Paragraph 18 alleges a window covering was removed from a back office.  Paragraph 19 avers one of the Plaintiffs received a "written reprimand" for an absence occasioned by a doctor's visit.  Just as Judge Lindsay has previously noted, "None of these acts appear to have altered Herdocia's or Scott's job responsibilities; amounted to a demotion or involved a change in their rate of pay or benefits."  Under the law, "Herdocia and Scott have failed to make out a *prima facie* claim of retaliation."  (Order, Doc. 25 at 12.)

For all of the foregoing reasons, SGWS requests the Court to set a pre-motion conference for SGWS's planned Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Sincerely,

/s/Keith R. Thorell
Keith R. Thorell, *pro hac vice*

cc: Counsel (via ECF)

KRT: cv
SOU013.081 (538554_2.DOCX)