

**JOHN RAY & ASSOCIATES**
*New York Attorneys*

---

MANHATTAN
5 E. 22ND Street, 17TH Floor
At Broadway
New York, New York 10010
1-866-88NYLAW

*Killer Bees*

SUFFOLK COUNTY
122 North Country Road
Miller Place, New York 11764-1430
631-473-1000

SEND ALL MAIL TO:
P.O. BOX 5440
MILLER PLACE, NEW YORK 11764-1117

November 19, 2020

**VIA ECF**
Honorable Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

       Re: Herdocia, Tatiana v. Southern Glazer's Wine & Spirits, et al.
       Civ. Dkt. No. 18-cv-5284 (JMA) (ARL)
       Our File No. 1663011N2418

Dear Judge Azrack,

    The undersigned is the attorney for the Plaintiffs, Tatiana Herdocia and Ena Scott, in regard to the above-referenced matter.

    Enclosed is Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Amended Complaint and Affirmation of Service, for the purpose(s) indicated below:

        (X)    Please file in the above-entitled action. This Opposition is overdue. It was due on 10-31-20.

                                                  Very truly yours,

                                                  John Ray, Esq.

JR:vd
cc:    Keith Thorell, Esq. (via ECF)
       J. Warren Mangan, Esq. (via ECF)
       clients (via email)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TATIANA HERDOCIA and ENA SCOTT,

                Plaintiff,

  -against-

SOUTHERN GLAZER'S WINE & SPIRITS,
f/k/a SOUTHERN WINE & SPIRITS OF
AMERICA, INC., and WINE, LIQUOR          18-cv-5284 (JMA)(ARL)
DISTILLERY WORKERS UNION, LOCAL 1D,    Jury Trial: Yes

                Defendants.
-------------------------------------------------------------------X

## PLAINTIFFS' MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANTS' MOTION
## TO DISMISS THE AMENDED COMPLAINT

John Ray, Esq.
JOHN RAY & ASSOCIATES
*Attorney(s) for Plaintiffs Tatiana Herdocia*
*and Ena Scott*
122 North Country Road
Miller Place, New York 11764
Phone: 631-473-1000
Email: john@johnraylaw.com

## TABLE OF CONTENTS

| | |
|---|---|
| TABLE OF AUTHORITIES............................................... | ii |
| POINT I. ....................................................................... | 1 |
| Plaintiffs' retaliation allegations differ from the allegations in the Amended Complaint | |
| POINT II........................................................................ | 4 |
| *Res Judicata* is not an applicable doctrine here | |
| POINT III....................................................................... | 6 |
| Plaintiffs' Union was not required to give consent to retaliation | |
| POINT IV....................................................................... | 6 |
| Retaliation charges are reasonably related to the original EEOC charges | |
| POINT V........................................................................ | 6 |
| The Plaintiffs' retaliatory allegations are not merely conclusory | |
| POINT VI....................................................................... | 7 |
| Exhaustion of grievance procedures is not applicable | |
| POINT VII...................................................................... | 8 |
| The Union is not entitled to *Res Judicata* dismissal of the Amended Complaint | |
| POINT VIII..................................................................... | 8 |
| Preemption of State Claims should not occur | |
| POINT IX....................................................................... | 8 |
| NLRB has nothing to do with this Case | |
| CONCLUSION ( X)......................................................... | 9 |

# TABLE OF AUTHORITIES

**Federal Cases**

Waldman v. Village of Kiryas Joel,
39 F.Supp. 2d 370, aff'd 207 F.3d 105 (2d Cir. 2000) …………………………... 5


Communications Workers v. Beck,
487 U.S. 735 …………………………………………………………………….. 8

I. <u>PLAINTIFFS' RETALIATION ALLEGATIONS DIFFER FROM THE ALLEGATIONS IN THE ORIGINAL COMPLAINT.</u>

Defendants essentially argue that the Plaintiffs' Amended Complaint is the same as the original Complaint which had been dismissed. But this is not so. The Amended Complaint differs in factual allegations from the original complaint. Defendant Southern Glazer's actually squeamishly admits this when Southern Glazer's say "Plaintiff found their new claim on <u>nearly</u> (my emph.) identical facts to those they previously litigated" (Defendant Southern Glazer's, p.7). "Nearly identical" is not identical, it is exactly different, by definition. The focus need be upon what is different in the Amended Complaint, from the dismissed original Complaint.

Magistrate Judge Lindsay specifically identified Plaintiffs' five arguments in Plaintiffs' prior Complaint, which "failed to make out a prima facie claim of retaliation" (Order, p12):

> "1. The employer would not tell Plaintiffs whether Plaintiffs' original lawsuit would be a barrier to their job applications; 2. Plaintiffs complained of a written rather than oral warning after Plaintiff Scott let Plaintiff Herdocia ride on a picker with her as a passenger; 3. Plaintiffs were barred from attending "voluntary" safety meetings after Plaintiffs had missed the first meeting; 4. Defendant's manager would not talk to Plaintiffs at a weekly "toolbox" meeting; 5. A shop steward told their co-workers that Plaintiffs were not permitted to hang signs or be in the warehouse unless they were "cycle counting" (Order, Dkt. 25, p. 12).

Magistrate Lindsay found that "none of these acts appear to have altered Herdocia's or Scott's job responsibilities; amounted to a demotion or involved a change in their rate of pay or benefits."

Plaintiffs' subsequent Amended Complaint (Dkt. 27) alleged retaliation insofar as retaliation was allowed to be re-plead. The Amended Complaint does not merely reiterate the aforesaid five deficient claims. Instead, in the fresh retaliation claims, Plaintiffs allege that in 2016, in retaliation for Plaintiffs having filed and pursued their 2014 complaint, 1) Plaintiffs' job

1

titles were changed from Inventory Control Clerks to Cycle Counters and more onerous physical duties and conditions of employment were added for them equivalent to the duties of males with the different titles of Warehousemen and Checkers, but Plaintiffs were not compensated for the more onerous work equally with the males, being paid $7.74 less per hour that the males, and being given fewer hours of work than males (35 hours instead of 40) such that males were earning $186.90 a week more than Plaintiffs, for the same work (Amended Complaint, Dkt. 27, pars. 11- 14, 30 a, b, c, e). When Plaintiffs asked for proper job titles and compensation, the employer refused that request, in retaliation for the 2014 complaint (id., pars. 13-15, 30 d, e); then, when Plaintiffs complained to the employer about these disparities, the employer refused to investigate this and refused to communicate with Plaintiffs about this matter (id., pars. 15, 30 h). This is a different substantive retaliation claim than the five deficient ones cited by the Court, on its face. Nor is it a gender discrimination complaint, but rather a complaint that these acts were retaliatory in nature, due to the filing and pursuit of Plaintiffs' complaint in 2014.

2) The Defendant Union refused to communicate with Plaintiffs, including to provide Plaintiffs with the new collective bargaining agreement, and to pursue Plaintiffs' grievance as to the aforesaid disparities, thus preventing Plaintiffs from redressing the disparities. The Union and the employer also colluded and connived together to do these things against Plaintiffs (id., pars. 13, 15, 30 a, f, g, h, i). This is a new and substantively different claim than the five deficient ones.

3) The employer built a discrete male locker room for the Warehousemen, but removed a window cover from an office where Plaintiffs would change their clothes, a substantive change of employment conditions (id., pars. 18, 30 l). This is a new and substantively different claim than the five deficient ones.

2

4) Plaintiff Herdocia was wrongly given a written reprimand, placed in her personnel file, for absence when she had a doctor's note for her absence, which harms Plaintiff in that it stands as a threat to Plaintiff, were Plaintiff to continue to pursue her complaint, in any disciplinary hearing against her (id., pars. 19, 30 m). This is a new and substantively different claim than the five deficient ones.

5) Plaintiffs also made discrete claims of having received an arbitrary and capricious written reprimand for riding together in a cherry picker (id., pars. 16, 30 j); and of having been humiliatingly expelled from a Safety Committee meeting in order that Defendants could indicate to the Union and Plaintiffs' co-employees that Plaintiffs were ostracized so that Plaintiffs' conditions of employment would be rendered by the Union and co-employees as intractable. While these claims are similar to # 2 and # 3 of the deficient pleadings, they are not the same. The new pleadings allege different, more substantively damaging motives of Defendants, and actual, particular acts of Defendants. To be sure, Plaintiffs also allege that these acts are part of "a pattern of retaliation acts" against Plaintiffs, taken together (id., pars. 20, 29); and that the Union and employer colluded and connived with each other to retaliate in these ways (id.), and that the Union acted as the employer's agent in these bad acts (id.). The damages alleged arising from the aforesaid materially adverse change in the terms and conditions of Plaintiffs' employment are also particularized (id., par. 31).

Plaintiffs allege actual loss of pay, and a less distinguished title, loss of pension benefits, more material onerous responsibilities without commensurate pay, and creation of other adverse employment conditions – all taking place after the 2014 Complaint – all in retaliation for Plaintiffs having filed and continued their complaint. All told, there are no sufficient reasons to allow Defendants to engage in yet another Rule 12(b)(6) motion.

3

In view of these distinctions in the Amended Complaint, Defendant Southern Glazer's motion ought to be denied. Plaintiffs carefully adhered to Judge Lindsay's ruling in presenting their Amended Complaint.

Defendant Southern Glazer's complain that Plaintiffs did not refer to a job title change to "Cycle Counters" in Plaintiffs' EEOC filing. An EEOC Complaint is not a formal Complaint in this court. Rules for EEOC laypeople applications are not stringent. Such EEOC rules do not require the specificity demanded here by Southern Glazer's. Plaintiffs allege that they were warehouse inventory clerks, and burdened with more onerous tasks, but unjust wages lower than their counterparts. Plaintiffs objected to their having had a job title change imposed upon them unilaterally by the employer, which change they allege to have been unlawful. Plaintiffs were not duty-bound to adopt the employer's view of their title, in any paper Plaintiffs filed. Plaintiffs maintained that they were properly always warehouse control clerks.

## II.   RES JUDICATA IS NOT AN APPLICABLE DOCTRINE HERE

Reliance upon *res judicata* doctrine disregards Judge Lindsay's decision which enabled Plaintiffs to plead retaliation claims in the Amended Complaint precisely because they were not plead in the original Complaint; i.e., they necessarily were not ruled upon, else no Amended Complaint adding retaliation claims would have been allowed. This same point would apply to Southern Glazer's argument that "*res judicata* bars future suits even on issues that were not raised in previous litigation but could have been" (Southern Glazer's, p8). Judge Lindsay explicitly allowed for the raising of the retaliation claims. *Res judicata* in whatever guise, just doesn't apply to this permitted Amended Complaint.

Southern Glazer's had already argued their points in their original motion to dismiss the Complaint. It would seem to be that it is Southern Glazer's which labors under the burden of preclusion from making the same arguments now, when these arguments did not serve their cause with total victory in the first round of litigation. Just so, Southern Glazer's once again relied upon *Waldman v. Village of Kiryas Joel, 39 F.Supp.2d 370, 377, aff'd 207 F. 3d 105 (2d Cir. 2000)*, which the court already considered in the Defendant's prior motion when rejecting Defendant's arguments then.

To be sure, Defendant Southern Glazer's itself highlights the actual difference between Plaintiffs' first Complaint and the Amended Complaint, in this regard. Southern Glazer's says that in the original Complaint, "Plaintiffs complained that they were not eligible for top pay as clerical employees while male warehouseman (sic) were," citing to original Complaint paragraphs 27-31 (Southern Glazer's, p10). But the cited paragraphs 27-31 in the original Complaint say nothing of this kind. Those paragraphs deal with rule violations. Nowhere else does the original Complaint state that which Southern Glazer's claims here. The Amended Complaint's retaliation claims raise retaliations as to pay increases, lost pay and benefits due to retaliation, for the first time (see, e.g., Amended Complaint paragraph 14). Paragraph 14's allegations are not found in the Original Complaint. In any event, the same or similar behaviors of Defendants as alleged in the original Complaint which did not qualify as gender discrimination behavior, can nonetheless qualify as retaliatory behavior. It is horn book law that discrimination and retaliation are discrete causes of action. Defendant Southern Glazer's is arguing for a do-over, actually.

5

### III. PLAINTIFFS' UNION WAS NOT REQUIRED TO GIVE CONSENT TO RETALIATION

In an ironic twist, Southern Glazer's also proposes that Plaintiffs have no case because the Plaintiffs may not have suffered retaliation without their Union's consent!... (Southern Glazer's, p17). This is said to be "logic," by Southern Glazer's. Not to place too fine a point upon this twist, in this case the Union is sued as a Co-Defendant herein.

### IV. RETALIATION CHARGES ARE REASONABLY RELATED TO THE ORIGINAL EEOC CHARGES

Defendant also struggles to argue that the retaliation charges are not reasonably related to the original EEOC charges (Southern Glazer's, p18), claiming that the relatedness "is very difficult to see" (Southern Glazer's, p18). But Judge Lindsay did see this, in allowing retaliation charges to be brought. It is worth noting that the original Complaint consisted of the wholesale incorporation of the EEOC Complaint into the actual original Complaint. Judge Lindsay allowed retaliation allegations to be made as Amendments to that original Complaint, which consisted of the EEOC Complaint. Relatedness appears to stand here as a matter of the law of the case; and as plain upon the face of the documents, all of which is not very difficult to see, contra wise to Defendant's perception.

### V. THE PLAINTIFFS' RETALIATROY ALLEGATIONS ARE NOT MERELY CONCLUSORY

6

Defendant Union (Wine, Liquor & Distillery Workers Union Local 1-D) also argues for dismissal of the Amended Complaint against the Union because it conclusorily states that "Plaintiffs' allegations are entirely conclusory." (Union, p5). Plaintiffs here submit that the Amended Complaint is actually laden with specific allegations which support Plaintiffs' claims against the Union, e.g., in Plaintiffs' Amended Complaint 13-14; par 15. Moreover, after explicating the particular wrongs committed against Plaintiffs in their paragraphs 10-19, the Plaintiffs also then set forth that that these wrongful acts came about in "a pattern of retaliation acts" by both Defendants (Plaintiffs, par.20), and that the Defendants "colluded and cooperated with one another to retaliate against Plaintiffs. Defendant Union effectively and in fact acted as the employer's agent. Plaintiffs have suffered real substantial harm and loss as a result: for example"... (paragraph continues with harm suffered). This paragraph 20 draws its conclusion from the particular factual allegations preceding it in paragraphs 10-19. Such step-by-step allegations do not appear to suffer from the jaundiced "entirely conclusory" condition.

### VI.   EXHAUSTION OF GRIEVANCE PROCEDURES IS NOT APPLICABLE

Defendant Union also enlists twisted irony in its point that Plaintiffs impede their legal standing by having failed to have exhausted the grievance procedure via the Union (Union, pp5-6). This argument disconsonantly ignores the Plaintiffs' allegation that Plaintiffs dutifully filed a grievance, but "contrary to the contractual procedures contained in the collective bargaining agreement, the Defendant Union failed and refused to pursue Plaintiffs' grievance, out of retaliation against Plaintiffs for Plaintiffs having filed the Federal Complaint. Plaintiffs' grievance rights having been ignored, Plaintiffs were unable to pursue said grievance and obtain the fruits thereof. Had they been allowed to do so, the Plaintiffs indubitably would have been

favorably treated, and would have received the benefit of equal pay and more hours (40) of employment." (Plaintiffs' par.15). Plaintiffs' Amended Complaint appears to undercut the Union's exhaustion of the grievance process thrust.

### VII. THE UNION IS NOT ENTITLED TO *RES JUDICATA* DISMISSAL OF THE AMENDED COMPLAINT.

Defendant Union otherwise joined in Defendant Southern Glazer's point that the Plaintiffs' retaliation claims need be dismissed because of *res judicata* (Union's Point I,p3). Plaintiffs oppose this argument for precisely the same reasons Plaintiffs set forth as against Southern Glazer's, above.

### VIII. PREEMPTION OF STATE CLAIMS SHOULD NOT OCCUR

The Union argues for preemption of state claims. Such argument would succeed only if all Federal claims are dismissed. Plaintiffs recognize this. All the more, Plaintiffs urge that they have set forth valid Federal claims.

### IX. NLRB HAS NOTHING TO DO WITH THIS CASE

Finally, the Union adds a type of afterthought without argument, that Plaintiffs' claims are preempted NLRB. The case cited by the Union, *Communications Workers v. Beck,* *487,U.S.735,* without reference to any part of that 45-page decision except to page 743, actually is quite off-point: it deals with agency fees. But in a general way, the Supreme Court's language

8

at 743 appears actually to favor Plaintiffs: "one such remedy over which federal jurisdiction is well-settled is the judicially implied duty of fair representation."

## X.   CONCLUSION

Plaintiffs therefore urge that their Amended Complaint should stand.

Dated: November 18, 2020
      Miller Place, New York

Respectfully,

John Ray, Esq.
John Ray & Associates
*Attorney(s) for Plaintiffs Tatiana Herdocia and Ena Scott*
122 North Country Road
Miller Place, NY 11764
(631) 473-1000
john@johnraylaw.com

To:

J. Warren Mangan, Esq.
*Attorney(s) for Defendant Wine, Liquor & Distillery Workers Local 1-D UFCW, AFL-CIO*
New Rochelle, New York 10801

Keith R. Thorell, Esq.
*Attorney(s) for Defendant Southern Wine & Spirits of America, INC.*
Korshak, Kracoff, Kong & Sugano, LLP
1640 S. Sepulveda Boulevard, Suite 520
Los Angeles, CA 90025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TATIANA HERDOCIA and ENA SCOTT,                                    Case No. 2:17-cv-05435-RRM-ARL

                        Plaintiff,

     -against-                                                    **AFFIRMATION OF SERVICE**
SOUTHERN GLAZER'S WINE & SPIRITS,
f/k/a SOUTHERN WINE & SPIRITS OF
AMERICA, INC., and WINE, LIQUOR
DISTILLERY WORKERS UNION, LOCAL 1D,

                        Defendants.
------------------------------------------------------------------X

       I John Ray, Esq., declare under penalty of perjury that I have served a copy of the attached notice of motion, and Motion Declaration and Plaintiffs Tatiana Herdocia and Ena Scott's Memorandum of Law upon Keith Thorell, Esq. (keith@kkks.com) and J. Warren Mangan, Esq. (ocmlawyers@aol.com), the Attorneys for Co-Defendants, via email.

Dated: November 19, 2020
       Miller Place, New York

Respectfully,

_____
John Ray, Esq.
John Ray & Associates
*Attorney(s) for Plaintiffs Tatiana Herdocia & Ena Scott*
122 North Country Road
Miller Place, NY 11764
(631) 473-1000
john@johnraylaw.com

To:

J. Warren Mangan, Esq.
*Attorney(s) for Defendant Wine, Liquor & Distillery Workers Local I-D UFCW, AFL-CIO*
New Rochelle, New York 10801

Keith R. Thorell, Esq.
*Attorney(s) for Defendant Southern Wine & Spirits of America, INC.*

1

Korshak, Kracoff, Kong & Sugano, LLP
1640 S. Sepulveda Boulevard, Suite 520
Los Angeles, CA 90025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Case No.: 18-cv-5284                    Year: 2018                    Hon.: Joan M. Azrack

---

**TATIANA HERDOCIA and ENA SCOTT**,

                            Plaintiffs,

        -against-

**SOUTHERN GLAZER'S WINE & SPIRITS,
f/k/a SOUTHERN WINE & SPIRITS OF
AMERICA, INC., and WINE, LIQUOR &
DISTILLERY WORKERS UNION, LOCAL 1D,**

                            Defendants.

PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
THE AMENDED COMPLAINT

**JOHN RAY & ASSOCAITES**
*Attorney(s) for Plaintiffs*
122 North Country Road
P. O. Box 5440
Miller Place, New York 11764-1117
(631) 473-1000

---

To:
   Attorney(s) for Defendants

Certification (Rule 11)

......................................
John Ray, Esq.
is hereby admitted.

---

Service of a copy of the within
Dated,

Attorney(s) for

Dated: November 19, 2020

Yours, etc.,
John Ray, Esq.
**John Ray & Associates**
*Attorney(s) for Plaintiffs Tatiana Herdocia &
Ena Scott*
122 NORTH COUNTRY ROAD
P.O. BOX 5440
MILLER PLACE, NEW YORK 11764-1117
(631) 473-1000
Email: john@ohnraylaw.com