UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TATIANA HERDOCIA and ENA SCOTT,

                             **Plaintiffs,**            **PLAINTIFFS'
OBJECTIONS TO REPORT
AND RECOMMENDATION**

- *against* -

SOUTHERN GLAZER'S WINE & SPIRITS,       18-cv-5284 (JMA)(ARL)
f/k/a SOUTHERN WINE & SPIRITS OF
AMERICA, INC., and WINE, LIQUOR &        Jury Trial: Yes
DISTILLERY WORKERS UNION, LOCAL 1D,

                             **Defendants.**
-----------------------------------------------------------------X

      John Ray, Esq., attorney for Plaintiffs, hereby objects on behalf of Plaintiffs to Magistrate Judge Lindsay's Report and Recommendation, and declares as follows:

1.      Magistrate Judge Arlene R. Lindsay erred, it is respectfully submitted, in that the Court erroneously held that Plaintiffs' Amended Complaint merely "dress('s) their pay disparity claims in a retaliation suit of clothes" (Dock, 46, p.8). The Plaintiffs were allowed by the Court to amend their admittedly inartistically drafted 2014 Complaint so as to properly state retaliation causes(s) of action. Plaintiffs did so, and in particular referenced facts arising *after* the 2014 complaint was filed, in July 2016 (see Amended Complaint, Dock. #27, pars 12-15). Plaintiffs also argued at length that the Amended Complaint was not a mere reiteration of the prior Complaint (Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion, Dock. #44 1-2). Plaintiffs distinguished the discrete Amended Complaint from the original Complaint in its substantive differences, e.g., more onerous work given to Plaintiffs in 2016 without compensation such as given to males, as retaliation, for Plaintiffs' having filed a Complaint in 2014; Defendants' refusal

1

to investigate or even communicate as to the wage/ work conditions disparities in 2016 because of the filing of the Complaint in 2014; the refusal to grant Plaintiffs proper job titles and compensation in 2016 for Plaintiffs' having filed the 2014 Complaint. These claims arose in 2016, and were grounded in post-2014 acts. Necessarily, these allegations could not have constituted a part of the 2014 Complaint. These claims inherently could not possibly be "a continuation of the discrimination claims that were previously dismissed," as the Magistrate Judge otherwise concluded (Dock #46, p. 8).

2. The Magistrate Judge also appears to have erroneously concluded that the "warehouse clerical" job called "Inventory Control Clerk," (Dock #27, p.2, par. 10), which Plaintiffs had in 2014 (*id,* p.9) was the same job to which Plaintiffs were relegated in July 2016, namely "Cycle Counters" (*id* p.2, par. 12). But Plaintiffs explicitly distinguished the differences between the jobs in Plaintiffs' Amended Complaint, par. 12 (Dock #27, pp. 2-3). Plaintiffs concede that Plaintiffs applied to be Cycle Counters in 2016, as the Magistrate Judge found. But then, the employer deliberately did not compensate Plaintiffs at the same rate (but at a lower rate) as the employer paid to men who were performing the same job functions, Plaintiffs alleged in their Amended Complaint (see Dock #27, p.3, par.12; see also Dock #44, pp.1-2, par.1). Likewise, the Plaintiffs' clerical work was taken from them in retaliation for the filing of the 2014 Complaint, Plaintiffs alleged (Dock #27, p.3, par.12). All of the factual new conditions and functions of the new position of Cycle Counter were spelled out in the Amended Complaint, along with the disparately low pay given to Plaintiffs for the same work and conditions pertaining to males. Plaintiffs alleged that these 2016 behaviors of the employer, were retaliation for the filing of the 2014 Complaint. Likewise, such disparately low pay for a job which pointedly was not a job recognized in the collection bargaining agreement (Dock #27, p.3, par.12, last sentence), necessarily arose after the

initial Complaint was filed in 2014; thus, such Amended Complaint allegations could not have been a repeat of the original Complaint.

3. Moreover, *res judicata* cannot apply as to these new allegations. To be sure, the Plaintiffs were not precluded from relying upon unstated allegations of pay disparity, as pay disparity relates to retaliation. The Court never originally so held. The Magistrate Judge appears to unduly stretch its original holding to list this new allegation, by positing that Plaintiffs can't "litigat(e) any issue or defense that could have been raised or decided in a previous suit, even if the issue or defense was not actually raised or decided" (Dock #46, p.10). It was the Magistrate Judge who appears to have allowed Plaintiffs to amend their Complaint in order to state retaliation causes of action. This would mean, it appears that *res judicata* cannot be applied to the retaliation causes of action for which Plaintiffs were explicitly granted the right to make as to the facts and circumstances existing in 2016.

4. The Magistrate Judge appears to have erroneously determined that the alleged adverse actions by the employer were a "mere inconvenience" (Dock #46, p.10). Plaintiffs alleged ostracism of the Plaintiffs from communication with and/or use of the Union, such that Plaintiffs could not obtain redress for their alleged mistreatment via the collective bargaining agreement (Dock #27, pp. 3-5, pars 13-15). This is not a "mere inconvenience" on its face, but the loss of a substantial right and of the only in-house means for Plaintiffs to protect their status and conditions of employment. This itself is a truly "other negative result" (Dock #46, p.11), which qualifies as an adverse employment action. Plaintiffs do not say that the Union merely "failed to achieve a positive resolution" (Dock 46, p.14), as the Magistrate Judge otherwise holds; Plaintiffs said that they were precluded from even using the collective bargaining system to even seek to achieve any result at all (Dock 27, p.4, par.15).

3

5.	Plaintiffs in fact carefully plead that the preclusion of Plaintiffs from use of the collective bargaining contract as to grievances, was motivated by Defendants' retaliatory strategy (Dock #27, pp. 3-5, pars. 13-15). Plaintiffs offered details sufficient to support the allegation, contrary to the Magistrate Judge's opinion: Defendants alleged that Plaintiffs tried and failed to change their aforesaid job title and to obtain the increased compensation aforesaid, because Defendants together prevented Plaintiffs from communicating with Plaintiffs as to such an effort (Dock #27, pp. 3-4) pars.13-15). This is surely enough detail to avoid characterization as "no details," a phrase applied by the Magistrate Judge as to the allegation (Dock #46, p.14).

All told, Plaintiffs submit that the Magistrate Judge's Report and Recommendation not be adhered to by the Court. They submit that they have stated sufficient, valid causes of action for retaliation, as they were authorized to have done by the Magistrate Judge.

Miller Place, New York

Dated: June 30, 2021

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　John Ray, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　John Ray & Associates
　　　　　　　　　　　　　　　　　　　　　　　　*Attorney(s) for Plaintiffs*
　　　　　　　　　　　　　　　　　　　　　　　　122 North Country Road
　　　　　　　　　　　　　　　　　　　　　　　　P. O. Box 5440
　　　　　　　　　　　　　　　　　　　　　　　　Miller Place, NY 11764
　　　　　　　　　　　　　　　　　　　　　　　　(631) 473-1000 (phone)
　　　　　　　　　　　　　　　　　　　　　　　　(631) 928-5385 (facsimile)
　　　　　　　　　　　　　　　　　　　　　　　　john@raymitevlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TATIANA HERDOCIA and ENA SCOTT,    Case No. 2:17-cv-05435-RRM-ARL

Plaintiff,

-against-                          **AFFIRMATION OF SERVICE**

SOUTHERN GLAZER'S WINE & SPIRITS,
f/k/a SOUTHERN WINE & SPIRITS OF
AMERICA, INC., and WINE, LIQUOR
DISTILLERY WORKERS UNION, LOCAL 1D,

Defendants.
-----------------------------------------------------------------X

I John Ray, Esq., declare under penalty of perjury that I have served a copy of the attached Objections to Report and Recommendation by Magistrate Arlene R. Lindsay upon Keith Thorell, Esq. (keith@kkks.com) and J. Warren Mangan, Esq. (ocmlawyers@aol.com), the Attorneys for Co-Defendants, via email. and via PACER.

Dated: June 30, 2021
       Miller Place, New York

Respectfully,

_____
John Ray, Esq.
John Ray & Associates
*Attorney(s) for Plaintiffs Tatiana Herdocia & Ena Scott*
122 North Country Road
Miller Place, NY 11764
(631) 473-1000
john@johnraylaw.com

To:

J. Warren Mangan, Esq.
*Attorney(s) for Defendant Wine, Liquor & Distillery Workers Local I-D UFCW, AFL-CIO*
New Rochelle, New York 10801

Keith R. Thorell, Esq.
*Attorney(s) for Defendant Southern Wine & Spirits of America, INC.*

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Case No.: 18-cv-5284            Year: 2018            Hon.: Joan M. Azrack

---

**TATIANA HERDOCIA and ENA SCOTT**,

Plaintiffs,

-against-

**SOUTHERN GLAZER'S WINE & SPIRITS, f/k/a SOUTHERN WINE & SPIRITS OF AMERICA, INC., and WINE, LIQUOR & DISTILLERY WORKERS UNION, LOCAL 1D,**

Defendants.

## PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATION

**JOHN RAY & ASSOCAITES**
*Attorney(s) for Plaintiffs*
122 North Country Road
P. O. Box 5440
Miller Place, New York 11764-1117
(631) 473-1000

---

To:
     Attorney(s) for Defendants

Certification (Rule 11)

.................
John Ray, Esq.
is hereby admitted.

Service of a copy of the within
Dated,

Attorney(s) for

.................
Yours, etc.,
John Ray, Esq.
**John Ray & Associates**
*Attorney(s) for Plaintiffs Tatiana Herdocia & Ena Scott*
122 NORTH COUNTRY ROAD
P.O. BOX 5440
MILLER PLACE, NEW YORK 11764-1117
(631) 473-1000
Email: john@johnraylaw.com

Dated: June 30, 2021